556 P.2d 20

**STATE of Arizona, Appellee,**

v.

**Raymond Wesley KIDWELL, Appellant.**

**No. I CA–CR 1630.**

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 9, 1976.

Rehearing Denied Oct. 12, 1976.

Petition for Review Denied Nov. 9, 1976.

Bruce E. Babbitt, Atty. Gen. by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Earl Terman, Phoenix, for appellant.

OPINION

WREN, Judge.

The appellant, Raymond Kidwell, appeals from his conviction on charges of burglary, rape, and lewd and lascivious acts and from the sentences imposed. Appellant raises three issues of alleged error.

First, appellant contends that he was denied his right to a speedy trial pursuant to Rule 8.2(b), Arizona Rules of Criminal Procedure, in that more than 60 days elapsed between his arraignment and trial after taking into consideration delays occasioned by his mental examination and competency determination. Rule 8.4(a), Ariz.R.Cr.P., provides for exclusion from the 60 day time "delays caused by an examination and hearing to determine competency." Appellant argues that the examinations and hearing were not completed within a reasonable time and that those periods considered unreasonable are not excludable in calculating the 60 days.

The record reflects that appellant was arraigned on May 13, 1974 at which time he filed a Rule 11 motion to have his mental condition examined. This motion was granted and appellant was committed to the Arizona State Hospital for examination. On November 15, 1974, the State moved the court to set a trial date. On November 27, 1974, the appellant filed a motion to dismiss on speedy trial grounds which was denied by the court on December 17. On December 24, appellant was found competent and moved at that time for further examinations. This motion was granted on January 14, 1975 for a period not to exceed 60 days. On March 18, appellant was granted a continuance for further testing. On April 22, the court ordered a continuance for further physical examination and for the filing of formal appointment of examining physicians. On June 2, 1975 appellant was found competent to stand trial. On June 19, appellant was granted a 30 day continuance of the trial date. Trial began on August 1, 1975.

■ While we do not condone such a prolonged procedure to determine a defendant's competence to stand trial, we cannot say that in this case there was an unreasonable time which should not be excluded in the 60 day computation. Prior to appellant's first competency hearing, appellant had made no protest of his lengthy stay in the State Hospital until he filed his November 17 motion to dismiss. After the December 24 hearing, appellant requested still further testing and continuances. Although these further examinations may have been completed more quickly, it appears that appellant acquiesced in the delays and it was the State that finally insisted on the setting of a definite trial date. We, therefore, hold that the time from the filing of appellant's Rule 11 motion until his competency determination on June 2 is excludable under Rule 8.4(a) *State v. Ceja,* 113 Ariz. 39, 546 P.2d 6 (1976). A further period of 30 days is excludable since the continuance was requested by appellant. Appellant was, therefore, tried within 60 days and his speedy trial rights guaranteed by Rule 8.2(b) were not violated. Nor were his constitutional speedy trial rights violated, since no prejudice was shown.

Appellant also argues that the trial court erred in refusing to direct a verdict on the rape charge. Appellant maintains that the evidence only supports a conviction for attempted rape on the grounds that the proof showed he had no erection at the time of the act and one who is impotent cannot be convicted of rape.

■ This issue appears to be one of first impression in the appellate courts of Arizona. However, there is considerable authority from other jurisdictions in support of appellant's theory. *Phillips v. State,* 480 S.W.2d 361 (Tenn.Crim.App. 1972); *Berg v. State,* 41 Wis.2d 729, 165 N.W.2d 189 (1969); *People v. Peckham,* 249 Cal.App.2d 941, 57 Cal.Rptr. 922 (1967); *State v. Walton,* 43 N.M. 276, 92 P.2d 157 (1939); *Beer v. State,* 129 Neb. 366, 261 N.W. 824 (1935); *People v. Deatrick,* 30 Cal.App. 507, 159 P. 175 (1916); 65 Am.Jur.2d Rape § 33; 75 C.J.S. Rape § 6; 23 A.L.R.3d Rape—Impotency as Defense p. 1351; 1 Wharton's Criminal Law and Procedure § 314. Although we have discovered no case law holding to the contrary, for the reasons stated below, we hold that under Arizona law proof of impotency does not constitute a complete defense to a charge of rape.

A.R.S. § 13–612 provides:

"The essential guilt of rape consists in the outrage to the person and feelings of the female, and any sexual penetration however slight is sufficient to complete the crime."

The critical element of rape in Arizona is sexual penetration. The slightest penetration of the vulva is sufficient to complete the offense. *State v. Williams,* 111 Ariz. 175, 526 P.2d 714 (1974); *State v. Jack-*

*son,* 109 Ariz. 559, 514 P.2d 480 (1973); *State v. Scott,* 105 Ariz. 109, 460 P.2d 3 (1969); *State v. Pollock,* 57 Ariz. 415, 114 P.2d 249 (1941). Whether this penetration is accomplished by an erect or non-erect penis is not, in our opinion, relevant if penetration is established.

■ In the instant case, it was not disputed that appellant was impotent, in that he did not have an erection at the time of the offense. The victim, however, testified that a slight penetration of approximately one inch was accomplished. Appellant's expert medical witness stressed the difficulty of achieving penetration in light of the victim's position and appellant's lack of an erection, but admitted that penetration as defined by our law could have taken place. This evidence is sufficient to uphold appellant's conviction.

In the cases previously cited for the proposition that impotence is a complete defense to rape, the courts were not faced with the kind of facts presented by the instant case; that is, uncontroverted evidence of impotence and positive testimony of penetration. Specifically in the more recent cases of *Phillips v. State,* supra; *Berg v. State,* supra, and *People v. Peckham,* supra, the discussion of impotence as a defense to rape was only dicta. If faced with a case such as the one sub judice with the crime defined as it is in A.R.S. § 13–612 we have little doubt that most, if not all jurisdictions would reach the same result as we have.

Appellant's final argument surrounds his sentence to the Arizona State Prison. As stated in the reply brief, he "does not in the first instance complain about the fact and *duration* of confinement imposed." He submits, however, that the *conditions* of confinement are such as to violate the prohibition against cruel and unusual punishment and the right to be rehabilitated. In essence, appellant maintains that the Arizona State Prison has no program for the rehabilitation of sex offenders, that he has a right to rehabilitation, and that his imprisonment therefore constitutes cruel and unusual punishment.

■ We do not agree. Although the State Prison may not have a specific program of treatment for sex offenders, the provisions of A.R.S. § 31–201.01 provide in part:

"B. In addition to the medical and health services to be provided pursuant to subsection D and in addition to the procedures to be followed pursuant to § 31–224, the superintendent shall in cooperation with the department of health services provide to prisoners psychiatric care and treatment at the state hospital.

"C. The superintendent *may* institute and pursue programs which promote the rehabilitation of the prisoners in his charge." (Emphasis supplied.)

Rehabilitation has been held to be neither a statutory nor constitutional requirement. See, *Pugh v. Locke,* 406 F.Supp. 318 (D.C.Ala.1976); *Holt v. Sarver,* 309 F.Supp. 362 (D.C.Ark.1970). As to psychiatric treatment under the mandatory language of the statute, the argument is premature, although we recognize that in the case of a sex offender, rehabilitation and psychiatric therapy might well be synonymous.

The judgment and sentence are affirmed.

JACOBSON, P. J., and SCHROEDER, J., concur.