657 P.2d 878

**The STATE of Arizona, Appellee,**

v.

**Lenley Eugene THURMAN, Appellant.**

**No. 2 CA–CR 2493.**

Court of Appeals of Arizona,
Division 2.

June 7, 1982.

Rehearing Denied Oct. 4, 1982.

Review Denied Nov. 9, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Asst. Atty. Gen., and Joel M. Glynn, Phoenix, for appellee.

Irval L. Mortensen, Safford, for appellant.

## OPINION

HOWARD, Chief Judge.

This is an appeal from a conviction for transporting marijuana, possession of marijuana and promoting prison contraband. The issues raised by appellant which we will address are as follows: (1) Were appellant's Rule 8 speedy trial rights violated? (2) Did the court err in imposing a consecutive sentence for the crime of promoting prison contraband?

On April 6, 1981, appellant, who had been on a three-day furlough, returned to Fort Grant Training Center, a minimum security institution where he was an inmate. He had ridden a Greyhound bus from Mesa to Safford and then taken a prison bus from the bus depot in Safford to the training center. He had carried his jacket with him the entire trip. At the gate, he was subjected to a routine strip search and two bags of marijuana were found in the lining of his jacket.

## RULE 8, SPEEDY TRIAL VIOLATIONS

Appellant had an initial appearance on April 28, 1981. On May 7 he waived a preliminary hearing and was then arraigned on May 18, 1981, at which time he pled not guilty and a trial was set for August 26 by the prosecution. At this arraignment the court asked the defense if the date set for trial was acceptable and the defense answered, "I see no problem except that the Diaz trial is also set for the same date and time, but I would anticipate that we can resolve it."

On August 19, 1981, appellant moved to dismiss the case for failure to obtain a speedy trial in violation of Rule 8.2(b), Arizona Rules of Criminal Procedure, 17 A.R.S. This motion was denied. The motion was renewed on August 25, the day prior to trial, and again was denied.

Rule 8.2(b) states:

"Every person held in custody in this state on a criminal charge shall be tried by the court having jurisdiction of the offense within 120 days from the date of his initial appearance before a magistrate on the complaint, indictment, or information, or within 90 days from the date of his arraignment before the trial court, whichever is the lesser."

Because the court did not fix bond at the arraignment, appellant must be considered to have been in custody on the charges of this case, and therefore under this rule was entitled to be tried on August 16, 1981.

■ The state argues that because appellant did not object to the date set for trial, he waived his right to a speedy trial. We note, however, that Rule 8.2(e) explicitly states the following:

"These time limits may be extended pursuant to Rule 8.5. They *may not be extended by stipulation or waiver* except that, if the defendant is not in custody, the trial court may permit one 30-day extension by stipulation of all parties to a certain trial date." (Emphasis added)

Neither appellant nor appellee extended the time limits pursuant to Rule 8.5 which reads as follows:

"a. *Form of Motion.* A continuance within the time limits of Rule 8.2(b) and (d) may be granted only upon written motion, stating with specificity the reasons justifying it, and a certificate of the signer that it is made in good faith.

b. *Grounds for Motion.* A continuance shall be granted only upon a showing that extraordinary circumstances exist and that delay is indispensible to the interests of justice. A continuance may be granted only for so long as is necessary to the interests of justice, and in no case for longer than 30 days.

c. *Other Continuances.* No further continuances shall be granted except as provided in Rules 8.1(e), 8.2(e) and 8.4(c)."

Nor were there any delays caused by appellant's actions which could be counted as excluded times according to Rule 8.4. See *State v. Kidwell*, 27 Ariz.App. 466, 556 P.2d 20 (1976).

■ Appellee next contends that according to Rule 8.1(d), appellant has an absolute duty to notify the court that the time limits were going to expire and that failing to do so can be construed as a waiver of speedy trial rights. Rule 8.1 states:

"The defendant's counsel shall advise the court of the impending expiration of time limits in the defendant's case. Failure to do so may result in sanctions and should be considered by the court in determining whether to dismiss an action with prejudice pursuant to Rule 8.6."

This rule was added to equalize the burden of speedy trial compliance between the prosecution and the defense. See comment, Rule 8.1.

In the recent case of *State v. Techy*, 135 Ariz. 81, 659 P.2d 40 (1982), this court held that when the failure to advise the court is intentional, the time during which such conduct occurred may be excluded as an appropriate sanction. At this time we are reluctant to extend this rationale to a case such as this where at an arraignment the state, along with the court and the defendant, set a trial date past Rule 8 limits. Such an extension would, in effect, condone a trial

postponement by stipulation and Rule 8.1 quoted above explicitly prohibits this.

■ Citing *State v. Lee,* 25 Ariz.App. 220, 542 P.2d 413 (1975), the state next claims that when an actual violation of speedy trial limitation occurs, a defendant must make a motion to dismiss at least 20 days prior to the time set for trial, or be deemed to have waived his objection. Rule 16.1(b), Arizona Rules of Criminal Procedure, 17 A.R.S. We note, however, that in *State v. Lee,* supra, the court specifically states:

> "For the foregoing reasons we hold that a defendant must move to dismiss no later than 20 days prior to trial *when the issue is ripe for determination* or be deemed to have waived any objection.... Accordingly, it could be argued that if the speedy trial limits have not yet been violated 20 days prior to trial, they need not be raised at that time. However, upon actual violation of the speedy trial limits, we feel that the defendant should make a prompt objection to the violation or be considered to have waived that objection." (Emphasis added) 25 Ariz.App. at 225, 542 P.2d 413.

In this case, appellant made a timely objection within three days of the Rule 8 violation.

In view of the above, we find that appellant's speedy trial rights were violated and therefore his motion to dismiss should have been granted pursuant to Rule 8.6 which mandates a dismissal. To hold otherwise would be to make Rule 8.2(e) a nullity and return the system to pre-rule days when the parties and the courts allowed cases to go on forever. The judgment is therefore reversed and the cause remanded for a determination of whether the dismissal is to be with or without prejudice.

### CONSECUTIVE SENTENCING

■ Although this case is being reversed, we will address the consecutive sentencing issue raised by appellant in order to prevent possible future error. In our opinion, the imposition of a consecutive prison term for the conviction of promoting prison contra-band violated A.R.S. § 13–116, Arizona's double punishment statute which provides:

> "An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other, to the extent the constitution of the United States or of this state require."

To determine whether this statute applies to a certain case, Arizona has adopted the "identical elements" test which requires the court to eliminate the evidence supporting the elements of one charge and then decide whether the remaining evidence supports the elements of the other charge. *State v. Rumsey,* 130 Ariz. 427, 636 P.2d 1209 (1981); *State v. Ferguson,* 119 Ariz. 55, 579 P.2d 559 (1978).

In this case, appellant was charged with possession of marijuana in violation of A.R.S. § 36–1002.05; transportation of marijuana, in violation of A.R.S. § 36–1002.07; and promoting prison contraband in violation of A.R.S. § 13–2505. The possession of marijuana is a fact common to all three offenses and supports elements in the possession and transportation charges. If the evidence of possession is eliminated, there remains insufficient evidence to support the elements of promoting prison contraband. Therefore, the sentence for contraband should have been concurrent rather than consecutive to the possession and transportation sentences.

HATHAWAY and BIRDSALL, JJ., concur.