754 P.2d 327

The STATE of Arizona, Appellee,

v.

Hector Manuel GUERRERO, Appellant.

No. 2 CA–CR 87–0191.

Court of Appeals of Arizona,
Division 2, Department B.

Feb. 4, 1988.

As Corrected Feb. 24, 1988.

Review Granted June 7, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Diane M. Ramsey, Phoenix, for appellee.

Harold L. Higgins, Pima County Public Defender by Susan A. Kettlewell, Tucson, for appellant.

## OPINION

LIVERMORE, Presiding Judge.

Appellant was arrested on October 25, 1986, and indicted on January 14, 1987, with one count of driving under the influence of intoxicating liquor while his license was suspended, cancelled, revoked or refused, and one count of driving with a blood alcohol content of more than 0.10 percent while his license was suspended, cancelled, revoked or refused, both class 5 felonies. At the arraignment on January 22, counsel was appointed to represent appellant and a pretrial conference was set for February 24. At that conference, trial was set for April 2, 1987, nine days beyond the 150–day time limit set by Ariz.R. Crim.P. 8.2(a), 17 A.R.S. The same day, prior to the conference, private counsel was substituted for the Public Defender's Office.

Between February 24 and the trial date, appellant filed motions to remand for a

new determination of probable cause and to compel disclosure. Both were heard on March 9 and later denied. On March 31, appellant filed motions to suppress which were heard the day of trial. The case was presented to the jury, which returned guilty verdicts on both counts. Appellant was sentenced to three years' probation, including six months' imprisonment with the Department of Corrections.

The dispositive issue on appeal concerns appellant's claim that he was denied the right to a speedy trial under Ariz.R.Crim.P. 8.2(a). Citing *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986), appellant argues that the strict enforcement of the 150–day time limit mandated by the supreme court's decision in that case requires reversal of his conviction and dismissal of the charges with prejudice.

■ The state concedes that *Hinson* applies and that this case was tried beyond the 150–day period. However, the state contends that the periods during which appellant's motions for redetermination of probable cause and to suppress were pending should be excluded under Rule 8.4. Had the filing and consideration of these motions resulted in a continuance of the trial date beyond the 150–day limit, we would agree. This is not the case, however. Nor is it relevant that appellant may not have been prepared to go to trial within the 150–day period. *See Shepherd v. Fahringer*, 155 Ariz. 394, 746 P.2d 1324 (App. 1987), petition for review granted January 19, 1988.

■ The state also contends that the convictions should not be reversed because appellant can show no prejudice. Such a showing is not required under *Hinson;* prejudice is, in effect, presumed. *See Shepherd v. Fahringer, supra.* The state notes that appellant failed to raise this issue in the trial court. We have previously held that this omission constitutes a waiver of the issue. *State v. Hanson*, 138 Ariz. 296, 674 P.2d 850 (App.1983). We further rejected a claim of ineffective assistance of counsel because the record did not show either that a motion to dismiss would have been successful or that appel-

lant was in any way prejudiced by counsel's error. In the present case, the prejudice resulting from counsel's omission is plain: had counsel moved to dismiss, the trial court would have been required under *Hinson* to grant the motion.

Under the circumstances of this case and the supreme court's holding in *Hinson*, we are compelled to reverse appellant's convictions.

FERNANDEZ, J., concurs.

ROLL, Judge, dissenting.

I dissent.

Hector Manuel Guerrero was arrested and charged with being in actual physical control of a motor vehicle while intoxicated (DUI) with a suspended or revoked driver's license. He was convicted by a jury. Now, for the first time, Guerrero argues that he was not tried within 150 days of arrest and is entitled to reversal of his conviction and dismissal with prejudice of charges against him. Guerrero has waived this argument.

### FACTS

On October 26, 1986, around 2:00 a.m., a Tucson police officer was called to a shopping center where a security guard had observed a truck parked in the parking lot with the engine running and the headlights on. The security guard had been unable to awaken the driver, Hector Guerrero. When the police officer arrived, the motor was no longer running, but the headlights were still on and the ignition key was in the "on" position. After substantial effort, the police officer was able to get Guerrero to respond. Guerrero was confused and had bloodshot eyes and slurred speech. Guerrero smelled of alcohol.

Guerrero failed field sobriety tests and was arrested. Two empty beer cans were on the truck seat and an empty 750 ml. wine bottle was on the floorboard of the truck. The cap to that bottle was in Guerrero's pants pocket. Guerrero's blood-alcohol level was .27%. Further investigation by the state revealed that Guerrero's driver's license had been revoked at the.

time of the arrest and that he had twice been convicted of DUI.

Guerrero was indicted on January 14, 1987. At a February 24, 1987 pretrial conference an April 2, 1987, trial date was assigned to Guerrero.

Trial commenced on April 2, 1987, and the following day, a jury found Guerrero guilty on both counts. He was sentenced to concurrent terms of three years' probation and six months' incarceration with the Department of Corrections.

## WAIVER

A defendant is entitled to be tried within 150 days of his arrest, absent excluded time. Rule 8.2(a), Ariz.R.Crim.P., 17 A.R.S. Guerrero was arrested on October 26, 1986, and his trial did not commence until April 2, 1987, nine days after the expiration of the 150–day period.

At no time did the prosecutor, Guerrero, or his attorney advise the trial court that the trial date was in violation of Rule 8.2(a).[1] This matter was tried to a jury, and Guerrero was convicted and later sentenced, all with no objection from Guerrero or his counsel. On appeal, Guerrero argues for the first time that he is entitled to reversal of his convictions and dismissal of charges.

The law is clear that the right of a defendant to be tried within 150 days of his arrest can be waived by failure to object. *State v. Hanson*, 138 Ariz. 296, 303, 674 P.2d 850, 857 (App.1983); *State v. Thurman*, 134 Ariz. 465, 466–67, 657 P.2d 878, 879–80 (App.1982); *State v. Lee*, 25 Ariz. App. 220, 223–24, 542 P.2d 413, 416–17 (1975). The objection must be timely. *Thurman*, 134 Ariz. at 467, 657 P.2d at 880; *Lee*, 25 Ariz.App. at 225, 542 P.2d at 418.

No objection, timely or otherwise, was made to the trial court. Defense counsel has cited no reported Arizona case which has held that a defendant is entitled to

reversal of a criminal conviction for violation of Rule 8.2(a) when no objection was made until after trial and conviction. Guerrero has waived this objection.

## HINSON RULE

In *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986), the supreme court disapproved the widespread prosecutorial abuse of dismissing charges against DUI defendants then refiling those charges at a later date in order to circumvent Rule 8.2(a). In *Hinson*, the defendant's trial dates for multiple DUI's were well in excess of one year after his arrests. Hinson timely moved to dismiss the pending DUI charges prior to trial. In *Hinson*, the supreme court ruled that DUI defendants must be tried within 150 days of arrest regardless of whether prosecutors dismiss and refile charges during that interim. The supreme court observed that this rule would both insure the rapid removal of drunk drivers from the highways and protect the right of DUI defendants to timely resolution of pending charges.

*Hinson* was not fashioned and should not be interpreted to penalize the public by releasing a drunk driver as a result of an uncontested arithmetical error by a court clerk in the setting of a trial date.

By failing to object until after he was tried and convicted, Guerrero waived his right under *Hinson* to be tried within 150 days of his arrest.

I would affirm the convictions.

---

1. Rule 8.1(d), Ariz.R.Crim.P., 17 A.R.S., has been interpreted as not requiring a defense attorney to notify the trial court of the impending expiration of time within which a case must proceed to trial, at least when no intervening

delays have occurred. *State v. Tucker*, 133 Ariz. 304, 308 n. 5, 651 P.2d 359, 363 n. 5 (1982). However, this appeal does not specifically involve a failure to advise but rather a failure to make timely objection.