769 P.2d 1014

**STATE of Arizona, Appellee,**

v.

**Hector Manuel GUERRERO, Appellant.**

**No. CR–88–0097–PR.**

Supreme Court of Arizona.

Jan. 17, 1989.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Harold L. Higgins, Jr., Pima County Public Defender by Susan A. Kettlewell, Asst. Public Defender, Tucson, for appellant.

FELDMAN, Vice Chief Justice.

A divided court of appeals reversed Hector Manuel Guerrero's conviction for driving under the influence of intoxicating liquor (DUI) with a suspended or revoked driver's license. We granted the state's petition for review to examine the question of waiver as it relates to criminal procedural rules requiring speedy trial. *See* Rule 8.2, Ariz.R.Crim.P., 17 A.R.S. We have jurisdiction under Ariz. Const. art. 6, § 5(3), A.R.S. § 12–120.24, and Rule 31.19, Ariz.R. Crim.P., 17 A.R.S.

## FACTS

On October 25, 1986, the police arrested defendant for (1) driving under the influence of intoxicating liquor, (2) driving with a blood alcohol level of 0.10 percent or more, and (3) driving with a suspended license. The state charged him with violating A.R.S. §§ 28–692(A) and (B), 28–692.01, and 28–692.02. The prosecution initially dismissed the charges but refiled them on January 14, 1987. At the February 24, 1987 pretrial conference, the judge scheduled defendant's trial for April 2, 1987. Although April 2 was 159 days after defendant's arrest, nine days past the 150–day arrest-to-trial mandate of Rule 8.2, Ariz.R. Crim.P. (hereinafter "Rule _____"), and *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986), the defense did not object to the trial date. The trial began on April 2, and again, defense counsel failed to object to the deprivation of a speedy trial.

The jury convicted defendant, and the judge sentenced him to six months' imprisonment and three years' probation. Defendant appealed and for the first time argued that the state denied him the speedy trial rights of Rule 8.2 and *Hinson*. ₒ

The court of appeals held that though the *Hinson* 150–day rule was violated, defendant waived the speedy trial issue by failing to object either at trial or before. *State v. Guerrero*, 156 Ariz. 600, 601, 754 P.2d 327, 328 (Ct.App.1988). The court of appeals' majority also held that had defense counsel objected on the speedy trial issue and moved to dismiss for failure to comply with the 150–day rule, the trial court would have granted the motion. *Id.* Thus, the failure to move for dismissal constituted ineffective assistance of counsel and the court apparently reversed defendant's conviction on this ground. *Id.* The parties did not address the ineffective assistance issue before this court and their briefs in the court of appeals are silent on the subject. Consequently, we do not consider this issue. If defendant has a valid ineffective assistance claim, he can and should raise the issue by an appropriate form of post-conviction relief.[1]

## DISCUSSION

■ Defendant claims that we should uphold the reversal of his conviction be-

---

1. We note that under the court of appeals' decision, a defendant may fare better with ineffective counsel. If defendant had what he calls effective assistance, his counsel would have objected to the delay, defendant would have been tried within 150 days and convicted nine days earlier than he was. Under the court of appeals' result, because counsel did not object to the trial delay, the court dismisses the charges. One might speculate that the zealous and competent lawyer, presented with these alternatives, might serve his client best by carefully avoiding diligence. We do not, therefore, consider here whether counsel's failure to see that his client came to trial nine days earlier—a matter irrelevant to the issues in the case—is "ineffective assistance." Nor do we consider whether, if ineffective assistance exists, there was the type of "prejudice" that requires reversal.

cause he did not receive a speedy trial as defined by Rule 8 and *Hinson,* 150 Ariz. 306, 723 P.2d 655. Rule 8.2(a) states that:

Every person against whom an indictment, information or complaint is filed shall be tried ... within 150 days of the arrest or service of summons....

Here, the prosecution dismissed the charges and later refiled them. Normally the 150–day limit begins anew on refiling. *State v. Rose,* 121 Ariz. 131, 137, 589 P.2d 5, 11 (1978). However, in *Hinson,* we held that for DUI cases, the 150–day limit does not begin anew with refiling the charges. Rather, the time continuously runs from the date of arrest. 150 Ariz. at 311, 723 P.2d at 660. *Hinson* was to end "the widespread prosecutorial abuse of dismissing charges against DUI defendants, then refiling those charges at a later date to circumvent [the time requirements of] Rule 8.2(a)." *Guerrero,* 156 Ariz. at 602, 754 P.2d at 329 (Roll, J., dissenting). As we noted in *Hinson,* allowing the prosecution to leave alleged drunk drivers to await trial for two or three years did not serve the legislature's objective of removing drunk drivers from the streets. *Hinson,* 150 Ariz. at 310, 723 P.2d at 659.

■ *Hinson* does not, however, require automatic dismissal when a DUI defendant does not receive a trial within 150 days of his arrest. As we recently held in *Shepherd v. Fahringer,* 158 Ariz. 266, 269, 762 P.2d 553, 556 (1988), *Hinson* only requires the state's readiness for trial within 150 days of arrest. *See also State ex rel. McDougall v. Gerber,* 159 Ariz. 241, 766 P.2d 593 (1988) (excluding time on state's interlocutory appeal from the 150–day calculation).

In addition, Rule 8.1(d) specifically requires the defendant to advise the court of impending time limits. Also, under Rule 8.6 the defendant may complain of any

denial of the speedy trial right that the rules guarantee. Although the trial court may dismiss on its own initiative, Rule 8.6 does not require it to do so.[2] Thus, *Hinson* does not relieve the defendant of the duty to object to any denial of his Rule 8 right to speedy trial. Indeed, the dissent in the court of appeals cites three cases from that court holding that a defendant's right to trial "within 150 days of his arrest can be waived by failure to object." *Guerrero,* 156 Ariz. at 602, 754 P.2d at 329 (Roll, J., dissenting) (citing *State v. Hanson,* 138 Ariz. 296, 303, 674 P.2d 850, 857 (Ct.App. 1983); *State v. Thurman,* 134 Ariz. 465, 466–67, 657 P.2d 878, 879–80 (Ct.App.1982); and *State v. Lee,* 25 Ariz.App. 220, 223–24, 542 P.2d 413, 416–17 (1975)).

■ We recognize that Rule 8.2(e) states that the speedy trial time limits "may not be extended by stipulation or waiver...." This case is not, however, one of waiver in the sense that Rule 8.2(e) contemplates. Rule 8.2(e) prohibits a voluntary waiver of the strict 150–day time limit in an attempt to extend the DUI trial date.[3] This prohibition serves the public's interest in promptly bringing the accused to trial. It is not a shield by which the accused may avoid trial and possible punishment by taking advantage of loopholes in the law or arithmetical errors. We deal here with a procedural right under Rule 8.2. A defendant, however, can waive his objection to denial of even the constitutional right to a speedy trial by not raising it in a timely manner. *State v. Adair,* 106 Ariz. 58, 60, 470 P.2d 671, 673 (1970).

■ We do not attempt to determine here what constitutes a timely objection to the Rule 8 speedy trial violation or potential violation. We simply assert that defendant cannot allow the 150–day limit to pass

**2.** Rule 8.2 and *Hinson* provide the DUI defendant with a procedural right to a trial within 150 days of arrest. Rule 8.2 does not define the sixth amendment's boundaries, and we do not attempt to do so here. *See United States v. Ewell,* 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1966) (constitutional speedy trial rights are relative and court will examine delays under the circumstances of each case).

**3.** Although Rule 8.2(e) prohibits a defendant from using the 150–day limit, under appropriate circumstances a defendant may still seek to extend his trial date beyond 150 days. *See* Rule 8.5.

without objection, allow the trial to continue to verdict and sentence, and then, *for the first time*, raise the speedy trial issue and claim the need for reversal. Though defendant may indeed complain that he was not brought to trial soon enough, he cannot first do so after the verdict.

 We have reviewed defendant's argument that the trial court violated Rule 19.1 by not reading his indictment and plea of not guilty until the conclusion of the evidence. We find no error. Rule 19.1 defines the order of proceedings of a trial. It provides for initial reading of the indictment and plea "unless otherwise directed by the court." Thus, the rule contemplates the possibility of a different order of proceedings and allows for reading the indictment and plea at a different time.

We vacate the court of appeals' opinion and affirm defendant's conviction.

GORDON, C.J., and MOELLER, J., concur.

HOLOHAN, J., retired before the decision of this case.

CORCORAN, J., did not participate in the determination of this case.

CAMERON, Justice, dissenting

I regret that I must dissent.

First, I note that the majority opinion stresses the responsibility of the defendant to call to the court's attention the time limits of the case. Ariz.R.Crim.P. 8.1(d), 17 A.R.S. I agree with that statement, but would add that it is also the responsibility of the state to inform the trial court of any potential violations of the speedy trial rule. Ariz.R.Crim.P. 8.1(c), 17 A.R.S. Indeed, Rule 8.1(c) provides, "[t]he prosecutor shall advise the court of facts relevant to determining the order of cases on the calendar." Ariz.R.Crim.P. 8.1(c). I believe this includes informing the court of the impending expiration of time limits. Both the defendant and the prosecution have this obligation and neither side should benefit by the other's failure to so inform the court.

What the majority opinion does is completely gut the 150 day speedy trial rule of *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986), and the provision of Rule 8.2(e), Ariz.R.Crim.P., 17 A.R.S., which states that the time limits "may not be extended by stipulation or waiver...." Under the majority's ruling, defendants and prosecutors will be allowed to avoid the speedy trial requirements of *Hinson* and Rule 8 by merely doing nothing. We have seen in the past that prosecutors frequently fail to bring drunk driving cases promptly to trial. It is well known that it is the defendant who usually benefits from lack of speedy trial even though constitutionally it is considered his right. Henceforth, the defendant and the state need only agree not to question the trial time and by that "waive" the speedy trial requirement of Rule 8 and of *Hinson*. I dissent.