806 P.2d 1376

**STATE of Arizona, Appellee,**

v.

**Antonio Escarsega VALDEZ, Appellant.**

No. CR–89–0313–PC.

Supreme Court of Arizona,
En Banc.

Feb. 21, 1991.

Stephen D. Neely, Pima Co. Atty. by Paul G. Lauritzen, Deputy Co. Atty., Tucson, for appellee.

Charles L. Weninger, Tucson, for appellant.

OPINION

CAMERON, Justice.

I. JURISDICTION

Defendant, Antonio Escarsega Valdez, petitions this court for review of the trial

court's denial of his petition for post-conviction relief. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and Rule 32.9(c), Ariz.R.Crim.P., 17 A.R.S.

## II. ISSUE

Whether defense counsel's failure to object to the prosecutor's improper comment constitutes ineffective assistance of counsel?

## III. FACTS

Defendant was convicted of aggravated assault while on parole for a prior felony conviction pursuant to A.R.S. § 13–1204(A)(2) and (B). He was sentenced to life without the possibility of parole until at least 25 years had been served; to run consecutively with another sentence imposed in an unrelated matter. *See* A.R.S. § 13–604.02(A). Defendant appealed to this court and we denied his appeal. *See State v. Valdez*, 160 Ariz. 9, 770 P.2d 313 (1989).[1]

In that opinion, a majority of this court held that defense counsel's failure to object to a prosecutor's "grossly improper" statement made in closing argument waived any error. *Id.* at 13, 770 P.2d at 317. We also rejected the argument that the prosecutor's comments resulted in fundamental error because the error related "only to an isolated evidentiary matter raised in final argument." *Id.* at 14, 770 P.2d at 318. (Cameron, J. dissented on this point).

Because there was no record, the majority of this court did not decide whether defense counsel's failure to object rendered his assistance ineffective in violation of the sixth amendment to the United States Constitution. Instead, the court indicated that the issue of ineffective assistance of counsel could be addressed in further post-conviction relief proceedings. *See* Rule 32, Ariz.R.Crim.P., 17 A.R.S.

On 18 September 1989, pursuant to a petition for post-conviction relief, an evidentiary hearing was conducted. The hearing focused solely on defense counsel's reasons for not objecting to the prosecutor's improper comments. No other example of defense counsel's ineffectiveness was shown.

The prosecution's objectionable statement was in response to defense counsel's following comment in closing argument:

And when you compare the testimony with the law and instructions given to you, I'm confident you'll come back with a verdict of not guilty, at least as to the aggravated assault.

I can almost concede a much easier task of finding the lesser-included offense. But as to the aggravated assault, it might have been a little different if Mr. Griggs were here—Mr. Davis were here, might have been a whole lot easier for the state to prove their case. But as it is now, he's not here and they've not done it.

Trial transcript at 371.

In response the prosecutor stated:

I want to first address the almost concession that Mr. Acuna almost made at the end of his remarks. And that was that he almost conceded that you could find the lesser-included offense.

I suggest to you folks he wants you to find the lesser-included offense because he wants you to plea bargain. He wants you to give him the plea bargain the State wouldn't, and that's not your job.

Trial transcript at 373.

As noted above, defendant's trial counsel did not object and we held that this failure to object waived any error that might have existed. *Valdez*, 160 Ariz. at 13, 770 P.2d at 317. We, therefore, address only the issue of ineffective assistance of counsel.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

■ The touchstone of an ineffective assistance of counsel claim is whether defendant was denied a fair trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a strong presumption that [defense] counsel has provided effective assistance to a

1. The facts leading to defendant's conviction are set out in this opinion.

defendant. *Id.* at 669, 104 S.Ct. at 2055, 80 L.Ed.2d at 682.. *Strickland* established a two-prong test to determine the extent of this presumption. *Id.* This court has adopted the *Strickland* test, stating:

> To determine whether [defense] counsel was ineffective, a two-pronged test is applied: 1) was counsel's performance deficient? *State v. Nash,* 143 Ariz. 392, 397, 694 P.2d 222, 227, *cert. denied,* 471 U.S. 1143, 105 S.Ct. 2689, 86 L.Ed.2d 706 (1985); and 2) was defendant prejudiced by his attorney's deficient performance? *State v. Lee,* 142 Ariz. 210, 213–14, 689 P.2d 153, 156–57 (1984). This test complies with the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*State v. Fisher,* 152 Ariz. 116, 118, 730 P.2d 825, 827 (1986).

■ First, defendant must show that trial counsel's performance fell below an objective standard of reasonably effective assistance under prevailing professional norms. *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2065, 80 L.Ed.2d at 693–694. In evaluating trial counsel's conduct, we consider all circumstances, with a strong presumption that the conduct falls within a wide range of reasonable professional assistance. *Id.*

■ Second, trial counsel's performance must have prejudiced defendant's case. *Id.* at 692, 104 S.Ct. at 2067, 80 L.Ed.2d at 696. Defendant must show that, *but for trial counsel's error,* there is a "reasonable probability" that the result would have been different. *Id.* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. Reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* When a defendant challenges a conviction, the inquiry is whether, absent the errors, there is a "reasonable probability that ... the fact finder would have had reasonable doubt [as to] defendant's guilt." *Id.* at 695, 104 S.Ct. at 2068–69, 80 L.Ed.2d at 698. We need not consider the second prong, however, because we believe defendant failed to show that trial counsel's conduct fell below an objective standard of reasonably effective assistance under prevailing professional norms.

The focus of the post-conviction relief hearing was to determine why defendant's counsel did not object to the prosecutor's statement. Defendant's counsel knew there was some problem with the State's improper argument, but did not know the proper objection. His failure to object was not a strategic decision. He testified on direct examination with respect to the improper argument:

Q. (By Mr. Weninger) Were you aware of the fact that this was an improper argument?

A. (Mr. Acuna) I was—I was aware that I—that the argument had some problem with it. I had felt that there was something with the argument that wasn't exactly right or appropriate, but I didn't know what the objection was to make.

Q. Okay. In other words, you were unfamiliar with the specific objection to that argument?

A. At the time I was not.

Q. Were you aware of the rules of criminal procedure which indicate that plea—or evidence of plea bargaining or the results of plea bargaining may not be admitted at trial?

A. As a general rule I know that those things are not supposed to be discussed.

Q. Okay. So would it be fair to say that this was not a strategy on your behalf to create error in this trial?

A. No, sir. That is fair to say it was not a strategy on my behalf.

Q. Do you agree, sir, that it was an improper argument by the state?

A. Yes.

Q. Would you say, sir, that you made a mistake by not objecting to it?

A. Yes, I would.

Q. And it was certainly not a—a strategy on your behalf? It was just, basically, you didn't realize what the objection was?

A. I didn't make the objection because I didn't realize at the time what objection to make.

Post-conviction relief hearing transcript at 10–11.

Cross-examination established that defense counsel did not believe that the prosecutor was referring to failed plea negotiations in this case but was referring to plea bargains generally:

Q. (By Mr. Lauritzen) Sir, do you believe—did you believe at the time that I made the argument that I was calling the attention of the jury to our failed plea negotiations?

A. (Mr. Acuna) That's not what I believed at the time.

\* \* \* \* \* \*

Q. And at the time that you heard me speak those words, is it fair to say that you didn't perceive that as referring to those, quote, negotiations?

A. Not to those.

Q. And you knew at the time that you heard that argument that Rule 17.4 prohibited me [from making] any comment whatsoever to the jury about our plea negotiations; you were aware of that rule, were you not?

A. I was not aware of the—Rule 17.4. I was aware, as I testified, as—the general rule that those things are not to be discussed.

\* \* \* \* \* \*

Q. And isn't it fair to say, sir, that your failure to object was based both on your making a mistake, your not knowing what the proper objection was, and your knowledge that our negotiations had been virtually zero, and that my comment wasn't referring to them?

A. I can't say that your comments weren't referring to them. I can only say I didn't think that they were at the time.

Q. Fine.

A. I thought they were referring to pleas in general.

Post-conviction relief hearing transcript at 14–17.

After hearing the testimony and arguments, the trial judge found the following:

I have here a case where the State presented its own evidence. The defendant testified. The defendant was not examined about his willingness to plead or accept any lesser charges. The argument that the defense counsel made in this case was an appropriate argument in light of the evidence available to it. The prosecutor's response, if it warranted an objection at the time he made it, certainly didn't raise any question in this Court's mind as to—about it requiring any type of admonition to the jury.

I think what—I don't fault counsel for not objecting and I don't think it's fundamental error because I believe that the jury had to make some choices. And it had a sufficient record before it to view the facts as presented by the State, as presented by the defendant, and I don't think it took the defendant's right to fair trial from the jury. The request for new trial is denied. Specifically, the defendant's counsel was not incompetent....

Post-conviction relief hearing transcript at 34–35.

■ In assessing deficient performance, an effort is made to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. This is an objective standard.

The most we can conclude about defense counsel's knowledge on the issue of plea negotiations is that he knew, as a general rule, that plea negotiations were not to be discussed. Defense counsel's failure to object was not a strategic decision. He was unaware of Rule 17.4(f)[2] and the proper objection to make. Defense counsel's strategy was apparently to try for acquit-

---

2. Ariz.R.Crim.P, rule 17.4(f) provides:
When a plea agreement is accepted, ... the agreement ... shall become part of the record. However, if no agreement is reached, ... revoked, rejected by the court, or withdrawn or ... reversed, neither the plea discussion nor any resulting agreement, ..., nor statements made at the hearing on the plea, shall be admissible against the defendant in any criminal or civil action....

tal and, failing that, for the lesser included offense. Indeed, considering the facts of this case, this strategy was a wise course of action. Defense counsel's failure to object was not part of that strategy.

Even though defense counsel should have made the proper objection, this single mistake, in and by itself, does not bring the defendant's representation within the purview of the first prong of *Strickland*. Viewing the trial overall, we do not find ineffective assistance of counsel.

 We note also that the trial court's decision on whether to grant or deny a new trial will not be disturbed absent a showing of abuse. *State v. Ault*, 157 Ariz. 516, 521, 759 P.2d 1320, 1325 (1988). The trial judge is in the best position to determine whether or not to grant a new trial. After hearing all the testimony in this matter, the trial judge determined that defense counsel was not incompetent. After examining the record, we find no abuse of discretion by the trial judge in denying a new trial.

We affirm the trial court's decision.

GORDON, C.J., and MOELLER, J., concur.

CORCORAN, J., recused himself in this matter, and did not participate.

CAMERON, Justice, specially concurring.

In the previous opinion of this court, I dissented on the ground that the prosecutor's statement was fundamental error, and could not be waived by failure to object. I am still of that view. Even though I believe the prosecutor's statement to be fundamental error, I have no difficulty in finding that defense counsel did not fall below the minimum standards of adequate representation by counsel.

FELDMAN, Vice Chief Justice, dissenting.

I cannot agree with the majority's conclusion that trial counsel provided effective assistance despite failing to object to the improper argument.

During final argument, defense counsel conceded that defendant might be guilty of the lesser included offense but argued that he was innocent of the more serious charge, aggravated assault. Although a proper argument, this naturally invited response during rebuttal argument. While the prosecution was certainly free to caution the jury about compromises, we held in the first opinion that, even under such circumstances, "we do not endorse any mention of plea bargains in final arguments." *State v. Valdez (Valdez I)*, 160 Ariz. 9, 13 n. 2, 770 P.2d 313, 317 n. 2 (1989). The prosecutor here went much further than describing the defendant's argument as an attempt to bargain; he also charged that defense counsel "wants you to give [defendant] the plea bargain the State wouldn't. . . ." *Id.*

In *Valdez I*, we held that the comment permitted the jury to infer that defendant previously sought to exchange a plea for reduction of the charge, thus acknowledging guilt at worst or a weak case at best. *Id.* We did not describe the comment then, as the court does now, as a simple "single mistake," slip op. at 10; we believed it a "grossly improper" comment that "meets [the] test" for prejudicial error. *Valdez I*, 160 Ariz. at 13, 770 P.2d at 317.

We did not reverse *Valdez I* because we believed the error had been waived by failure to object and because we are always reluctant to assume ineffective assistance of counsel. Ordinarily courts "can determine ineffective assistance of counsel issues only after [they have] learned . . . the reasons for counsel's actions or inactions." *Id.* at 15, 770 P.2d at 319. We therefore left the question of ineffective assistance to post-conviction proceedings. *Id.; see also State v. Guerrero*, 159 Ariz. 568, 769 P.2d 1014 (1989).

The majority apparently takes some consolation in the trial judge's findings after the post-conviction relief hearing. I find no consolation in those findings. The trial judge still debates the propriety of the prosecutor's argument, stating, "[I]f [the argument] warranted an objection . . . [it]

certainly didn't raise any question in this Court's mind as to ... requiring any type of admonition to the jury." Op. at 331, 806 P.2d at 1379. The trial judge must not agree with our first opinion in this case, which described the argument as "grossly improper" and prejudicial, and explicitly stated that "[a]n objection would have *required* the trial court to either declare a mistrial or to instruct the jury that it not only should disregard the comment but that comment was unjustified by the facts or the evidence...." *Valdez I*, 160 Ariz. at 13, 770 P.2d at 317 (emphasis added).

Evidently the trial judge mistakenly believed that the case had been remanded for him to make a determination as to whether fundamental error had occurred. That was not the purpose of remand. We had already held the comment to be improper but had refused to describe it as fundamental error because we did not know why defense counsel had failed to object. The purpose of remand was to make that determination. *Id.* at 15, 770 P.2d at 319.

The majority concludes the trial judge did not abuse his discretion in holding that Valdez's lawyer provided effective representation. I cannot agree. The post-conviction proceedings have indeed explained counsel's failure to object to the prosecutor's grossly improper and prejudicial comment. No strategic purpose, no evaluation of the jury, not even the expectation of a favorable verdict prompted counsel's silence.

No motion for mistrial was made because, although he felt the "argument had some problem with it" and "wasn't exactly right or appropriate," and although he knew "that those things are not supposed to be discussed," counsel was unfamiliar with the procedural rule that prohibited such comments and was unfamiliar with the "specific objection" to make. Op. at 330, 806 P.2d at 1378. Acknowledging the benefits of hindsight, it is nevertheless difficult to understand how a graduate of a law school that presumably taught courses

in evidence would fail to object on grounds the comment was both irrelevant and unsupported by evidence, even if for some reason he was unfamiliar with the procedural rule that specifically prohibited the argument.

With all due respect, I am unable to agree with the court that failing to object to such an argument is effective assistance of counsel. The test, as the majority acknowledges, is whether trial counsel's performance complied with "prevailing professional norms." Op. at 330, 806 P.2d at 1378. By finding that such poor practice comports with professional norms,[3] the majority lowers professional standards at a time when the bar and this court are working to raise such standards. The court, in effect, sends the bar and the public a message about our standards that undermines the public's already shaken confidence in the competence of attorneys. I cannot join in such a message and dissent from the opinion.

---

**3.** By analogy, I suppose it would now comply with prevailing professional norms for a lawyer who has asked the jury for a $100,000 verdict to sit with an uneasy feeling, making no objection or motion for mistrial, while defense counsel argues in rebuttal that the jury should not make so large an award because the plaintiff would have settled for only $50,000 before trial.