NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RAMON DAMIEN LITTLETON, *Petitioner*.

No. 1 CA-CR 13-0925 PRPC

FILED 6-2-2015

Appeal from the Superior Court in Maricopa County
No. CR2012-007754-002
The Honorable Christine E. Mulleneaux, Judge Pro Tem

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Ramon Damien Littleton, Tucson
*Petitioner*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which
Presiding Judge Maurice Portley and Judge Michael J. Brown joined.

**G E M M I L L,** Judge:

¶1          Petitioner Ramon Damien Littleton petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the following reasons, grant review and deny relief.

¶2          Littleton pled guilty to aggravated robbery and the trial court sentenced him to the presumptive term of 3.5 years' imprisonment. Littleton did not file a petition for post-conviction relief of-right. Littleton now seeks review of the summary dismissal of his first untimely petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3          Littleton argues the trial court breached the plea agreement when it sentenced him to a greater term of imprisonment than that stipulated to in the plea agreement; his trial counsel was ineffective; and the trial court erred when it dismissed the notice of post-conviction relief before Littleton filed an actual petition.

¶4          We deny relief. First, Littleton could have raised the claims regarding his sentence and ineffective assistance in a timely petition for post-conviction relief of-right. Ariz. R. Crim. P. 32.1(a), (c), 32.2(b). Any claim a defendant could have raised in an earlier post-conviction relief proceeding is precluded. *Id.* at 32.2(a). The only excuse Littleton offered in the trial court for why he did not file a timely petition was that he was not aware he could file a petition for post-conviction relief. Lack of knowledge of the law is not sufficient to present a colorable claim that the failure to file a timely petition for post-conviction relief was not the petitioner's fault. *Id.* at 32.1(f). Further, Littleton was aware of his post-conviction relief rights because he signed a notice of rights of review the same day the trial court sentenced him, and that notice explained all of his rights to post-conviction relief, including the deadlines to seek relief. Finally, while Littleton argues he only recently discovered the alleged breach of the plea agreement, any alleged breach regarding a stipulated sentence would have been apparent immediately upon the pronouncement of sentence. *See id.* at 32.1(e)(2).

¶5          Even if Littleton had sought relief in a timely fashion, we would deny relief. The trial court sentenced Littleton to the stipulated term of 3.5 years' imprisonment - exactly as agreed upon in the plea agreement. Regarding ineffective assistance, Littleton does not present any intelligible argument regarding what counsel did or failed to do, how any action or

inaction of counsel fell below objectively reasonable standards, nor how any action or inaction of counsel prejudiced him. *State v. Valdez*, 167 Ariz. 328, 330 (1991). He has, therefore, failed to state a colorable claim for relief based on ineffective assistance of counsel. If Littleton meant to argue that counsel should have raised an issue regarding the alleged breach of the plea agreement at sentencing, counsel was not ineffective because, as noted above, there was no breach.

¶6 Regarding the failure to allow Littleton to file a petition below, Littleton's notice was not a mere "bare bones" notice. Littleton's notice was accompanied by several hand-written pages in which he identified the issues and provided argument supported with citation to authority, the record, exhibits, and an affidavit. Therefore, the "notice" also served as a petition. *See* Ariz. R. Crim. P. 32.5. Even if it had not, the trial court could summarily dismiss the proceedings based on the notice alone. When a defendant seeks to present issues in an untimely post-conviction relief proceeding, the notice must provide an adequate explanation for why the defendant did not raise those issues in a timely manner. *Id*. at 32.2(b). If the notice fails to do so, "the notice shall be summarily dismissed." *Id*. As noted above, Littleton's lack of knowledge of the law was not sufficient to require the court to consider an untimely petition for post-conviction relief and the court could properly dismiss the notice.

¶7 Finally, the petition for review presents issues regarding Littleton's prior conviction in a 2009 case. If Littleton wishes to challenge his conviction or sentence in that case, he must do so in a post-conviction relief proceeding in that case.

¶8 For these reasons, we grant review but deny relief.

