659 P.2d 40

The STATE of Arizona, Appellant,

v.

Joseph D. TECHY, Appellee.

No. 2 CA–CR 2475.

Court of Appeals of Arizona,
Division 2.

May 12, 1982.

Rehearing Denied Sept. 8, 1982.

Review Denied Oct. 13, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Joel Glynn and Jessica Gifford, Phoenix, for appellant.

Stompoly & Even, P.C. by William G. Walker and Kent D. Morgan, Tucson, for appellee.

OPINION

BIRDSALL, Judge.

The appellee was charged by the state grand jury in an indictment containing 13 counts of securities fraud, 4 counts of sale of unregistered securities and 12 counts of embezzlement. Since it was alleged that the crimes were committed in 1974 and 1975, all the charges are governed by the former Arizona criminal code.

The indictment was filed in Cochise County on June 25, 1979. The case was subsequently "transferred" to Pima County, where all the charges were dismissed without prejudice on August 19, 1981, because of an alleged violation of Rule 8, Arizona Rules of Criminal Procedure, 17 A.R.S. The state appeals from that dismissal. Although not mentioned by the parties, any refiling of the charges may be precluded by the 5-year statute of limitations, former A.R.S. § 13–106. We do not decide that question since it is not before us.

We first find it necessary to detail the procedural history of this case.

The appellee was in the military service stationed in Germany, and it was not until January 2, 1980, that he was returned to

Cochise County. On that date he had both his initial appearance and arraignment. The matter of trial setting was continued to January 28. He was released on his own recognizance and returned to his overseas duty. The appellee has never been in custody on the charges.

Also on January 2, 1980, appellee's retained counsel filed several motions requesting:

1) Suspension of rule 8 time limits, alleging therein the complex nature of the case. *See* Rule 8.1(e);

2) Extension of time limitations under Rule 12.9 (for additional time within which to challenge the grand jury proceedings);

3) Leave to examine or receive copies of the grand jury minutes, empaneling procedures and instructions; and

4) An Omnibus hearing.

Hearing on these matters was set for January 14.

On January 10, defense counsel filed notice of change of judge for cause, challenging each of the three Cochise County superior court judges. On January 11 all pending matters were continued until January 21. On that same date, January 11, the state filed responses to the first three defense motions, objecting only to the suspension of the Rule 8 time limits. On January 21, Judge Lloyd C. Helm found that he was not biased or prejudiced and continued other matters for one week. On January 25 defense counsel wrote to Judge Helm, in pertinent part as follows:

"This letter is to confirm the agreement between Mark SEndrow (sic), of the Attorney General's Office, and myself on behalf of Joseph Techy, concerning my request for change of Judge and the assignment of a new Judge to this case.

Mr. Sendrow and I agree that Judges Borowic (sic) and Riley should be excused for cause as the result of their prior representation of parties involved in the transactions which gave rise to this criminal action. I have forwarded, on Mr. Techy's request, a request for change of Judge pursuant to Rule 10, asking that the assignment of the case be changed from you to another Judge.

Since these procedures effectively exclude all Judges in Cochise County, Mr. Sendrow and I have agreed that the case should be assigned to a Judge in Pima County. By that procedure, we can have many of the pretrial motions heard in Pima County at a savings in cost and time to all the parties. We have agreed that the following Pima County Superior Court Judges are acceptable to both sides:

[names of six judges]

These Judges are listed in random order with no preference being denoted by the sequence. For your information, it is anticipated that the trial in this matter will last at least two weeks. That information might be important in the selection of a specific Judge. I believe Mr. Sendrow and I are in agreement that this case should be permanently assigned to a single Judge because of its complexity and the potential duration. It may be that venue will be changed for trial purposes as well as for pretrial matters; however, both parties are not now planning on a change of venue for the trial.

Judge Helm, because of this agreement and my conversation with you on the telephone on January 25, 1980, neither Mr. Sendrow nor myself plan to appear at the hearing on my request for change of Judge for cause, scheduled for January 28, 1980 at 9:15 a.m. We both wanted to thank you for your cooperation and consideration in this matter. If there is anything else that we need to do, please let us know. Again, Thank you."

Judge Helm received this letter and on January 28 entered an order continuing "the matter," with no future date set for any proceedings.

Defense counsel did not enclose a notice of change of judge from Judge Helm with the January letter, however, the notice was filed February 20. No one, neither the attorney general representing the state, defense counsel nor Judge Helm did anything until March 18, when defense counsel again wrote to Judge Helm:

"Enclosed please find a Stipulation and Order in the above referenced case, wherein the State and the defendant stipulate to assignment of the pretrial matters to a Judge of the Pima County Superior Court and that all pretrial matters shall be heard in Pima County Superior Court, Tucson, Arizona.

Mr. Sendrow and I have agreed that upon the assignment of the case to a Judge in Pima County, we will enter into a Stipulation and Agreement wherein we request that venue be transferred to Pima County in order to avoid any hardships on Pima County Judges should the matter proceed to trial.

Thank you for your cooperation and consideration in this matter."

The order signed by Judge Helm on March 19 "Ordered that this matter shall be assigned to the Pima County Superior Court, Pima County, Tucson, Arizona, for all pretrial matters and that hearings and appearances on all said pretrial matters shall be held in the Superior Court, in and for the County of Pima, State of Arizona, Tucson, Arizona."

That was the last the court heard of the matter until December. In the meantime, however, defense counsel was in communication with his client. On May 16 he wrote to appellee:

"I just want to give you a status of your case. We had filed requests for change of judge and the State agreed with us that your case could be assigned to a judge in Tucson. We had hoped that we would be able to do that and have been successful. However, the judge in Bisbee has not taken the action to get that done, even though he has had it before him for several months.

Joe, I do not think that we ought to push your case. It is my opinion that the longer the delay, the better off we are. If the prosecutor is not so concerned about the case that he is not pressing it, then I feel that with the passage of time, we are going to be able to come up with a much better resolution. Therefore, my tactic will be not to rock the boat and let

as much time as possible pass. If you do not agree, please let us know."

And again on September 3, prompted by his withdrawal from the case, he wrote advising the appellee that he had arranged for new counsel for him. In that letter he also said:

.   .   .   .   .

"Nothing has been happening on your case and as I have previously written to you, I think that we ought to let a sleeping dog lie. Therefore, my recommendation is that you sign the enclosed substitution of counsel form and return it to Mr. Morgan, in the enclosed self-addressed envelope. Mr. Morgan will not file the substitution of counsel because to do so would be to cause the State Attorney General to push the matter once more. Instead, he will hold it until something happens and if necessary, then file it and begin representation."

.   .   .   .   .

In September the assistant attorney general then assigned to the case learned that Mr. Morgan would be representing the appellee. He thereupon contacted Morgan, who told him he intended to raise a Rule 8 objection. Nothing further occurred in the case, however, until December 17, when Mr. Morgan wrote to Judge Helm, enclosing a new stipulation and order directing the clerk in Cochise County to transfer the file to Pima County, where it was to be docketed for all further matters, including pretrial and trial. The file was received in Pima County January 5, 1981. Three days later a trial date of February 4 was set. This was the first trial setting.

A minute entry of February 3 shows only defense counsel present and the case continued on state's motion to March 3, 1981, with the time excluded and no objection. On February 10, Morgan filed a "renewed request for omnibus hearing" and this was set for February 23.

Although the record neither shows nor contains a motion to dismiss, on February 20 the state filed a request for the defendant "to supplement his motion to dismiss

with prejudice." Several more uncontested continuances of both the omnibus hearing and the trial followed; then on May 27, the court, with both counsel present, conducted a preliminary hearing "Re: Defendant's motion to dismiss for lack of a speedy trial." That minute entry contains the following stipulation:

. . . . .

"Counsel stipulate that from the date Defendant's Motion to Dismiss for Lack of Speedy Trial was filed with the Pima County Superior Court forward will be excluded time because there will be continuances necessitated by and on behalf of the defendant."

The hearing on the "motion to dismiss" was then postponed several times and various memoranda filed. One state's memorandum recites that the motion to dismiss was filed January 20, 1981. The parties agree on this date in their appellate briefs and we will accept it as fact.

After an evidentiary hearing, the trial court granted the motion to dismiss finding "as a matter of fact that the time period from January 25, 1980, up to and including the time of the stipulation between the defendant and the state was *not* excluded time and was not a delay caused by the defendant. . . ." We understand this to refer to the period from January 25, 1980 to January 20, 1981, pursuant to the stipulation that all time after the filing of the motion to dismiss was excluded time. We are not bound by the trial court's purported fact finding, since the question whether the time is excluded depends on an interpretation of Rule 8.4 and the cases interpreting it and is, at least, a mixed question of fact and law. Obviously the period of almost one year exceeds the 120 days from initial appearance within which the trial is to be held. Rule 8.2(c).

The appellant makes several arguments in support of its contention that all the time is excludable. It argues that the delay was occasioned by or on behalf of the defendant (Rule 8.4(a)), since it was the defendant who sought to disqualify all the Cochise County judges. The appellant contends

that the order prepared by defense counsel was insufficient to transfer the case to Pima County. It does not suggest that this was intentional, but points to the comment to the rule that any delay, whether intentional or not, if attributable to the defendant, is excludable.

We do not believe the order was insufficient. Since the other two judges in Cochise County had been disqualified when the Rule 10.2 "Notice of Change of Judge" was filed removing Judge Helm from the case, a new judge had to be assigned. It was the responsibility of Judge Helm, as the presiding judge in Cochise County, to make that assignment. Rule 10.5. Whether or not the file remained in Cochise County is of no significance. The case should have been reassigned and proceeded from there. The order was unnecessary except that, read together with the stipulation, it may have limited the assignment to any one of six judges in Pima County.

This does not mean that counsel were relieved of any further responsibility for the progress of the case. Our supreme court recognized that the prosecutor has a duty to see that motions for continuance are made when the circumstances of the case so require in order to avoid Rule 8 problems. *State ex rel. Berger v. Superior Court,* 111 Ariz. 335, 529 P.2d 686 (1974). Soon after the *Berger* opinion and apparently because of it, the supreme court amended Rule 8.1 by adding Rule 8.1(d). *See* comment to Rule 8.1(d) (stating this rule has been added in light of *Berger* to equalize the burden of speedy trial compliance between the defense and the prosecution.) Rule 8.1(d) provides:

"Duty of Defense Counsel. The Defendant's counsel shall advise the court of the impending expiration of time limits in the defendant's case. Failure to do so may result in sanctions and should be considered by the court in determining whether to dismiss an action with prejudice pursuant to Rule 8.6."

The record is barren of any activity by the prosecutor from the time of the March

stipulation until September and even then, despite being alerted to a Rule 8 problem, nothing was presented to the court. Not only is the prosecutor's lack of attention evident, no excuse is offered. No reason is given.

The prosecutor's negligence is equalled only by the failure of defense counsel to comply with the mandate of Rule 8.1(d). Contrary to the requirement of that rule and being fully aware of the possible "impending expiration of time limits," he not only failed to "advise the court," he counseled his client that "the longer the delay, the better off we are"; "not to rock the boat"; "let as much time as possible pass"; "let a sleeping dog lie." This documentation of counsel's advice, if the appellee is in fact guilty of these offenses, is illustrative of the observation of the supreme court in *Berger* concerning speedy trial:

> "... As a practical matter, however, as far as a guilty defendant is concerned, it is a right that he seldom urges except in those cases when, after the time has run, he perceives that his right to speedy trial has been violated." 111 Ariz. at 339, 529 P.2d at 690.

The second part of Rule 8.1(d) provides that failure to advise the court may result in sanctions. We believe that where the failure to advise the court is intentional, as in this case, the only appropriate sanction in some cases may be to consider the time during which such conduct has occurred as excluded, thus resulting in a denial of a motion to dismiss. The provision of Rule 8.1(d) that the court may consider counsel's failure to advise in determining whether to dismiss with prejudice is meaningless in a case where the statute of limitations may have expired. Permitting such a sanction in a proper case, i.e., no dismissal, comports with the statement in *Berger* that "[i]t is not the purpose of the speedy trial provision to enable the guilty to go free on technicalities." 111 Ariz. at 340, 529 P.2d at 691. In our judgment the intentional silence in this case is more serious than a mere technicality. If we were to affirm the trial court we would be using our authority to reward a violation of a rule of our supreme court.

The trial court should have found that the time period in question, from January 2, 1980 to January 20, 1981, was excluded from Rule 8 computation because it was a delay occasioned by or on behalf of the defendant. The evidence conclusively establishes that defense counsel did not comply with the criminal rules because he believed it would result in a better disposition of the case. Normally the defendant is bound by acts of his counsel seeking to delay or continue a trial. *State v. Adair,* 106 Ariz. 58, 470 P.2d 671 (1970).

There are other factors here which lead us to conclude that the time should be excluded. The motion to disqualify the judges was the defendant's. The time from this filing to and including a reasonable time to reassign the case is to be excluded. *State v. Brown,* 112 Ariz. 401, 542 P.2d 1100 (1975). It appears that until at least September, 1980, and so far as the court record is concerned until January 20, 1981, the appellee acquiesced in the delay. *See State v. Kidwell,* 27 Ariz.App. 466, 556 P.2d 20 (1976). The appellee has never been in custody on these charges. No prejudice has been shown. At the hearing on the motion to dismiss the appellee presented an investigator, who testified he could not locate some witnesses, but the record does not show the relevant testimony expected. In fact, the appellee has not even filed his Rule 15 disclosure, although the state did so in January, 1980.

Since we conclude that the trial court erred in dismissing the indictment for the reasons given, we do not consider the appellant's other arguments.

Order of dismissal vacated.

HOWARD. C.J., and HATHAWAY, J., concur.