698 P.2d 749

Ernesto Vizcarra **AGUILAR**, Petitioner,

v.

**PIMA COUNTY SUPERIOR COURT, DIVISION XVII and the Honorable John Hawkins, Respondents,**

and

**The STATE of Arizona, Real Party in Interest.**

**No. 2 CA–SA 0185.**

Court of Appeals of Arizona, Division 2.

Feb. 4, 1985.

Reconsideration Denied March 20, 1985.

---

John D. Kaufmann, Tucson, for petitioner.

Stephen D. Neely, Pima County Atty. by John R. Gustafson, Tucson, for real party in interest.

## OPINION

HOWARD, Judge.

This special action was taken from the trial court's denial of petitioner's motion to dismiss the criminal charges pending against him, based on violations of the speedy trial provisions of Rule 8, Rules of Criminal Procedure, 17 A.R.S. Because we believe that the trial court failed to exercise discretion which it had a duty to exercise, and because the exercise of that discretion may terminate the proceedings against petitioner, we accept jurisdiction and grant relief.

Petitioner's trial was conducted from March 29, 1984 through April 6, 1984, over his continuing jurisdictional objections. Following his conviction, but prior to sentencing, petitioner filed a motion for new trial, which was granted. He then filed a notice of appeal, on April 23, 1984, from the denial of his motion for directed verdict, raising only the jurisdictional issue previously decided adversely to him by the trial court. On motion of the state, the appeal was dismissed by this court as having been taken from a non-appealable order. On June 20, petitioner filed a motion for reconsideration or, in the alternative, a petition to stay the lower court proceedings pending a petition for special action. Both were denied by this court on July 17.

In the meantime, the new trial was set for July 31. Petitioner successfully argued to the trial court that it had no jurisdiction while the appeal was pending and until the expiration of his time for filing a petition for review with the supreme court, and the trial court vacated the July 31 trial date. Petitioner filed his petition for review on August 1, and the supreme court denied review on September 20. By letter dated September 26, all parties and the superior court were notified by this court that the appeal had been dismissed and that the record had been returned to the superior court.

Nothing further transpired until November 30, when the state filed a motion to set, and a new trial date of January 29, 1985 was set on December 10. Two days later, petitioner moved to dismiss, claiming Rule 8 violations. This special action followed from the denial of that motion on January 2, 1985.

Both parties agree that the time between the trial court's order granting the motion for new trial and September 26, the date that the parties and the court were notified of the dismissal of the appeal and the record was returned to superior court,

should be excluded under Rule 8.4(a). Petitioner argues that once the parties and the court were notified of the dismissal of the appeal and the return of the record to superior court, the time period set forth in Rule 8.2(d) began to run. This rule provides:

"New trial. A trial ordered after a mistrial, upon a motion for a new trial, or upon the reversal of a judgment by an Appellate Court shall commence within 60 days of the entry of the order of the court or service of the mandate of the Appellate Court." Rule 8.2(d), Rules of Criminal Procedure, 17 A.R.S.

The state responds that Rule 8.2(d) is inapplicable, arguing that the rule applies only to a new trial resulting from a reversal of a judgment by an appellate court and not to "the eventual denial of frivolous appellate motions." While we agree with the state's construction of that portion of the rule pertaining to new trials ordered by an appellate court, we do not agree that the rule is inapplicable to this case. The trial to be held in this case was a "trial ordered ... upon a motion for a new trial" and was therefore required by Rule 8.2(d) to be held within 60 days of the order granting the motion. The petitioner concedes that the time between the date of that order and September 26, 1984, must be excluded, but points to the obvious fact that, even excluding this time, the 60-day time limit has nevertheless been exceeded.

The state argues that the period following September 26 should be excluded because counsel for petitioner violated Rule 8.1(d) [1] by failing to apprise the court of the impending expiration of the time limit. The state cites our decision in *State v. Techy*, 135 Ariz. 81, 659 P.2d 40 (App.1982), where we vacated the trial court's order of dismissal based on a violation of Rule 8, holding in part that the delay should have been excluded from the Rule 8 computation as a sanction for defense counsel's inten-

---

**1.** "The defendant's counsel shall advise the court of the impending expiration of time limits in the defendant's case. Failure to do so may result in sanctions and should be considered by the court in determining whether to dismiss an action with prejudice pursuant to Rule 8.6." Rule 8.1(d), Rules of Criminal Procedure, 17 A.R.S.

tional and deliberate failure to inform the trial court of the impending expiration of the time limit because he believed it would result in a better disposition of the case.

Before addressing this issue, we find it instructive to review the supreme court's analysis of defense counsel's obligations under Rule 8.1(d) in *State v. Tucker*, 133 Ariz. 304, 651 P.2d 359 (1982). *Tucker* involved a Rule 8 violation occurring after the defendant was granted habeas corpus relief in federal court. The state was ordered to retry the defendant within 60 days or release him from custody pending retrial. The state did not comply with this order, and following his retrial and conviction, defendant appealed on the ground, inter alia, that his right to a speedy trial under Rule 8 had been violated. Noting that the rule generally does not require the defendant to make any demand to preserve his right, the supreme court discussed in a footnote the addition of Rule 8.1(d) and its applicability to the case. Of significance to this case is the following language:

"We believe Rule 8.1(d) was meant to apply only in cases similar to *State ex rel. Berger* [*v. Superior Court*, 111 Ariz. 335, 529 P.2d 686 (1974) ], *i.e.*, when a pretrial motion or hearing causes a trial to occur later than expiration of the original Rule 8.2 time limit. In such cases, there will always be an issue as to whether the delay was an excluded or nonexcluded period under Rule 8.4. The accused may not lie poised until the Rule 8.2 limit runs and then pounce with a claim of denial of a speedy trial because the delay was nonexcluded time. The prosecution and defense both have a duty to request resolution of the Rule 8.4 issue before a speedy trial violation occurs.

But when there are no intervening delays between the event that triggers Rule 8.2 and the expiration of the Rule 8.2 time limit, the accused need not demand compliance with the time limits. Unlike the Sixth Amendment wherein the time limit for a speedy trial is unspecified, Rule 8.2 is quite explicit about the time within which an accused must be brought to trial. If nothing interferes with the running of the Rule 8.2 period, the accused should not need to visit the courthouse every so often to remind the court to check the countdown.

Thus, Rule 8.1(d) is inapplicable in the instant case because no delay occurred between the service of the federal mandate on the state and expiration of the Rule 8.2(d) 60 day time limit. Moreover, we note that although appellant never made any demands on the court for a speedy trial, he did make such a demand by letter to the Attorney General and Yuma County Attorney. Also, the state has not argued at any stage that Rule 8.1(d) should operate in this case to preclude a dismissal with prejudice." 133 Ariz. at 308, n. 5, 651 P.2d 359.

Although arguably dicta in the case, we believe this language authoritatively sets forth the supreme court's view that Rule 8.1(d) does not apply to cases "when there are no intervening delays between the event that triggers Rule 8.2 and the expiration of the Rule 8.2 time limit...." Id.

▇▇▇ In the present case, the event that triggered Rule 8.2 was not the mandate of this court, but rather the trial court's order granting a new trial. The subsequent proceedings before this court and the supreme court were therefore "intervening delays" which invoked the provisions of Rule 8.1(d) obligating counsel for petitioner to apprise the trial court of the impending expiration of the time for commencing the new trial. Although counsel failed to comply with this obligation, it does not follow automatically that there was no speedy trial violation or that petitioner is not entitled to a dismissal. Rule 8.1(d) provides only that failure to notify the court *may* result in sanctions and *should* be considered by the court in determining whether to dismiss with prejudice. The effect of *Techy* is to permit the trial court to treat the period of delay resulting from counsel's failure to notify the court as excludable under Rule 8.4 if it finds the failure to be intentional.

**508**

 Unfortunately, the trial court's order does not address this issue at all. The order states simply:

"This Court finds all time following the granting of the new trial and the exhaustion of defendant's efforts for appellate relief to be excluded time and further finds no prejudice to defendant by any such delay...."

The court made no finding with respect to the period after the appellate proceedings had terminated. Since it is clear that the 60-day period set forth in Rule 8.2(d) has expired, the trial court abused its discretion in refusing to dismiss the charges, absent a finding that this period should have been excluded from the computation as a sanction for counsel's failure to comply with Rule 8.1(d). We therefore grant relief and vacate the trial court's order. Upon remand, the trial court must give consideration to the effect of counsel's failure to comply with the rule. If it determines that the failure was intentional, it may exclude the period after September 26 as a sanction and deny the motion. If this period is not excluded, the charges must be dismissed. The trial court must determine whether a dismissal should be with or without prejudice and the trial court should consider counsel's failure in determining whether to dismiss with prejudice, pursuant to Rule 8.1(d).

Because of our disposition of this matter, we do not address the other issues raised by petitioner.

BIRDSALL, C.J., and HATHAWAY, J., concur.