797 P.2d 699

**Jeanette ANDRE, Petitioner/Appellant,**

**v.**

**TUCSON CITY COURT, and the Hon. Carmen Dolny, a Magistrate thereof, Respondents/Appellees,**

**and**

**CITY ATTORNEY'S OFFICE, Real Party in Interest.**

**No. 2 CA–CV 89–0244.**

Court of Appeals of Arizona, Division 2, Department A.

March 13, 1990.

Reconsideration Denied April 19, 1990.

Review Denied Oct. 2, 1990.

Stephen Paul Barnard, Tucson, for petitioner, appellant.

Frederick S. Dean, City Atty. by R. William Call, Tucson, for real party in interest.

OPINION

HOWARD, Judge.

Appellant was arrested on April 3, 1987, for driving while under the influence of intoxicating liquor in violation of A.R.S. § 28–692. At her initial court appearance on April 13, 1987, a trial was set for July 7, 1987. Appellant moved to continue the trial date 12 times. The last continuance was granted at appellant's request on March 4,

1988, and the city magistrate continued the trial date to April 20, 1988. The city was also granted a 30–day continuance due to a death in the family of the arresting officer.

On April 18, 1988, appellant filed a motion to dismiss with prejudice for failure to try her within the 150–day arrest-to-trial rule set forth in *Hinson v. Coulter,* 150 Ariz. 306, 723 P.2d 655 (1986). A hearing on the motion took place the next day, April 19. The city magistrate found that, excluding delays attributable to appellant, April 19, 1988, was the 150th day. However, the city magistrate felt that trying appellant on the 151st day was within the spirit of *Hinson* and denied the motion to dismiss. Appellant then filed a petition for special action in the Pima County Superior Court, which dismissed the petition, finding that the city magistrate did not abuse her discretion.

■ This appeal presents two issues. If 150 days have elapsed from the time of defendant's arrest for driving while under the influence, including excluded time attributable to the defendant, is the rule of *Hinson* violated if the defendant is tried on the 151st day? The answer to this question is yes.

The second issue is this: Is the 150–day requirement waived if defense counsel does not timely inform the court that the time limits are going to expire? The answer to this question is a qualified yes.

We believe that the *Hinson* case says what it means and means what it says. After excluding any delay attributable to the defendant, the trial of such defendant must commence within 150 days after his arrest. However, as the circumstances of this case demonstrate, there is an exception.

In *State v. Guerrero,* 159 Ariz. 568, 769 P.2d 1014 (1989), a case involving driving while under the influence, the court held that *Hinson* does not require automatic dismissal when a DUI defendant does not receive a trial within 150 days of his arrest.[1] The court in *Guerrero* also observed "[i]n addition, Rule 8.1(d) specifically requires the defendant to advise the court of impending time limits." Thus, in a *Hinson* context, the court noted the applicability of 17 A.R.S. Rules of Crim.Proc., Rule 8.1(d), which states:

> **d. Duty of Defense Counsel.** The defendant's counsel *shall* advise the court of the impending expiration of time limits in the defendant's case. Failure to do so may result in sanction and should be considered by the court in determining whether to dismiss an action with prejudice pursuant to Rule 8.6.

(Emphasis added.)

In *State v. Techy,* 135 Ariz. 81, 659 P.2d 40 (App.1982), we recognized the applicability of Rule 8.1(d) when there was evidence that the defense attorney intentionally failed to advise the trial court of the impending trial and held that the only appropriate sanction in some cases might be to consider the time during which such conduct has occurred as excluded time. In *Techy,* defense counsel was fully aware of the possible impending expiration of the time limits and not only failed to advise the court but counseled his client that the longer the delay the better they were and made other statements to his client showing his full awareness of the impending expiration of the time limits. We do not, however, believe the aggravated conduct of the defense attorney in *Techy,* is the *sine qua non* of Rule 8.1(d)'s applicability.

In *State v. Tucker,* 133 Ariz. 304, 308 n. 5, 651 P.2d 359, 363 n. 5 (1982), the court stated:

> We believe Rule 8.1(d) was meant to apply only in cases similar to *State ex rel. Berger [v. Superior Court,* 111 Ariz. 335, 529 P.2d 686 (1974) ], i.e., when a pretrial motion or hearing causes a trial to occur later than expiration of the original Rule 8.2 time limit. In such cases, there will always be an issue as to whether the delay was an excluded or

---

1. The court noted two of its prior decisions which were exceptions to the *Hinson* rule. *Shepherd v. Fahringer,* 158 Ariz. 266, 762 P.2d 553 (1988) (*Hinson* only requires the state's readiness for trial within 150 days) and *State ex rel. McDougall v. Gerber,* 159 Ariz. 241, 766 P.2d 593 (1988) (excluding time on state's interlocutory appeal from the 150–day calculation).

nonexcluded period under rule 8.4. The accused may not lie poised until the Rule 8.2 limit runs and then pounce with a claim of denial of a speedy trial because the delay was nonexcluded time. The prosecution and defense both have a duty to request resolution of the Rule 8.4 issue before a speedy trial violation occurs.

 Here, but for the exclusion of the state's continuance due to the death in the family of its main witness and the numerous continuances requested by appellant, the trial would have occurred well within the 150 days. Before appellant could complain about the lack of a trial within the 150 days, it was incumbent upon him to timely request a resolution as to whether the delays caused by the various interruptions should have been excluded under Rule 8.4.

The only appropriate sanction in this case is to conclude that the trial set for April 20, 1988, was timely under *Hinson.*

Affirmed.

ROLL, P.J., and HATHAWAY, J., concur.