810 P.2d 1028

**STATE of Arizona, Appellant,**

v.

**Anthony William SWENSRUD, Appellee.**

**No. CR–90–0295–PR.**

Supreme Court of Arizona,
En Banc.

April 9, 1991.

Reconsideration Denied June 4, 1991.

Stephen D. Neely, Pima County Atty., Jill Thorpe, Deputy Pima County Atty., Tucson, for appellant.

Stephen Paul Barnard, P.C. by: Stephen Paul Barnard, Tucson, for appellee.

## OPINION

GORDON, Chief Justice.

The State of Arizona (State) petitioned for review of the court of appeals' memorandum decision affirming the trial court's order dismissing defendant's prosecution for driving while under the influence of intoxicating liquor (DUI) because of a violation of the 150–day speedy trial rule found in Rule 8.2(a). We granted review to consider whether the trial court erred in dismissing the prosecution when the defendant did not raise a Rule 8 objection until after the 150–day period had expired. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.24.

### FACTUAL AND PROCEDURAL BACKGROUND

Anthony William Swensrud (defendant) was arrested for DUI on January 25, 1989, and indicted on April 27. A pretrial conference was scheduled for June 7, but was continued to June 28 at defense counsel's request. The reason for defense counsel's request is a disputed issue. At the hearing on the motion to dismiss, defense counsel argued that he was forced to request the continuance because the State had not completed its discovery. The State later obtained a transcript of the pretrial conference, and now argues that the real reason for the request to continue was to facilitate defendant's alcohol-abuse counseling.

On June 28, a trial was scheduled for July 6. At defendant's request, the trial was vacated on July 5 and reset for August 22 with defendant waiving applicable time limits. On August 21, again at defendant's request, the trial was continued from August 22 to September 21 with defendant waiving applicable time limits. On September 11, defendant filed a motion to dismiss for a speedy trial violation. On September 21, again at defendant's request, the trial date was vacated with defendant waiving applicable time limits.

On October 16, the trial court granted defendant's motion to dismiss because "the cause was not tried within 150 days." In a memorandum decision, the court of appeals affirmed the order dismissing the prosecution. The court reasoned that "[d]efense counsel did not waive the 150–day requirement because the defendant would not

have been aware that the trial court was including the June 7 to June 28 time period as nonexcludable time due to the state's dilatory approach to the case until the trial court ruled on the motion to dismiss in October." *State v. Swensrud*, No. 2 CA–CR 89–0573, slip op. at 3 (Ariz.Ct.App. Aug. 23, 1990) (mem.) (per curiam).

## DISCUSSION

In its petition for review, the State argues that the period from June 7 to June 28 should be excluded, and that the hearing on the motion to dismiss therefore occurred on the 140th nonexcludable day.[1] The primary issue at the hearing on the motion to dismiss was whether the period from June 7 to June 28 was excluded. The State also argues that even if this period is included, defense counsel had a duty to inform the trial court that the continuance of the pretrial conference from June 7 to June 28 would cause any trial to be set outside the 150–day limit. *See State v. Guerrero*, 159 Ariz. 568, 769 P.2d 1014 (1989). Defendant did not respond to the petition for review.

Rule 8.2(a) provides that "[e]very person against whom an indictment ... is filed shall be tried ... within 150 days of the arrest ... except for those excluded periods set forth in Rule 8.4 below." Ariz.R. Crim.P. 8.2(a), 17 A.R.S. In *Hinson v. Coulter*, we held that

> [a]fter the police have arrested ... a drunken driver ..., the prosecutor must proceed to charge or indict as well as try the defendant within the 150 day limit mandated by Rule 8.2(a) of the Rules of Criminal Procedure if not in custody.... Failure to proceed promptly will result in a dismissal with prejudice, unless the exceptions contained in Rule 8 apply. In any event, the defendant must be tried

within 150 days of arrest as provided in Rule 8.2(a)....

150 Ariz. 306, 311, 723 P.2d 655, 660 (1986).

Despite the seemingly broad language of *Hinson*, we stated in *Guerrero* that "*Hinson* does not, however, require automatic dismissal when a DUI defendant does not receive a trial within 150 days of his arrest." 159 Ariz. at 570, 769 P.2d at 1016. Although we recognized that Rule 8.2(e) prohibits a voluntary waiver of the 150–day limit, we concluded that "[t]his prohibition serves the public's interest in promptly bringing the accused to trial. It is not a shield by which the accused may avoid trial and possible punishment by taking advantage of loopholes in the law or arithmetical errors." *Id.* Although we did not determine what constitutes a timely objection to a potential Rule 8 violation, we asserted that

> defendant cannot allow the 150–day limit to pass without objection, allow the trial to continue to verdict and sentence, and then, *for the first time*, raise the speedy trial issue and claim the need for reversal. Though defendant may indeed complain that he was not brought to trial soon enough, he cannot first do so after the verdict.

*Id.* at 570–71, 769 P.2d at 1016–17.

Even if we assume in this case that the period between June 7 and June 28 is nonexcludable time, we believe that defendant has waived any potential Rule 8 violation.[2] Assuming this period is nonexcludable, the 150–day period expired on approximately June 24. Defense counsel, however, did not move for a dismissal on Rule 8 grounds until September 11. *Guerrero* held that the defendant may not complain of a Rule 8 violation for the first time after the verdict and on appeal. Although *Guerrero* did not

---

1. The State computes the time as follows. It concedes that the 133–day period from defendant's arrest on January 25 to the pretrial conference scheduled for June 7 and the 7–day period from the second pretrial conference on June 28 to defendant's July 5 motion to continue the trial date are nonexcludable. The total of these nonexcludable periods is 140 days. From July 5 through the last trial date of September 21 there were three trial dates, all of which were continued or vacated at the request

of defense counsel with defendant specifically waiving applicable time periods.

2. Because we find a waiver of the Rule 8 violation even if we assume this time is nonexcludable, and because the 150–day period has not yet expired if this time is excludable (see the State's time calculations in note 1, *supra*), we need not determine whether this time should have been considered excludable or nonexcludable.

determine precisely what constitutes a timely objection to a potential Rule 8 violation, we now hold that *Guerrero* requires a defendant to object *before* the 150–day period expires in order to avoid a waiver of the Rule 8 violation.[3] *See State v. Campa,* 164 Ariz. 468, 470, 793 P.2d 1135, 1137 (App.1990) (review granted) (citing, *inter alia, Andre v. Tucson City Court,* 165 Ariz. 160, 797 P.2d 699 (App.1990)) ("The record indicates that the appellant failed to advise the trial court of the impending deadline imposed by Rule 8.1(d). He therefore waives his *Hinson* claim on appeal."). The defendant cannot wait until after the 150–day period has expired and then claim a Rule 8 violation after it is too late for the trial court to prevent the violation.

The court of appeals in this case concluded that "[d]efense counsel did not waive the 150–day requirement because the defendant would not have been aware that the trial court was including the June 7 to June 28 time period as nonexcludable time ... until the trial court ruled on the motion to dismiss in October." We reject this analysis because we believe that the time at which the trial court ruled on the motion to dismiss in this case is irrelevant. Defense counsel either knew or should have known prior to June 7 that if the court found the period from June 7 to June 28 to be nonexcludable, the 150–day period would expire on approximately June 24. However, he made no Rule 8 objection until September 11. Thus, we believe that defense counsel waived the 150–day requirement in this case. *See Andre v. Tucson City Court,* 165 Ariz. 160, 162, 797 P.2d 699, 701, 56 Ariz.Adv.Rep. 49, 50 (App. 1990) ("Before appellant could complain about the lack of a trial within the 150 days, it was incumbent upon him to timely request a resolution ·as to whether the delays caused by the various interruptions should have been excluded under Rule 8.4.").

---

3. Because this case involves a defendant who did not object on rule 8 grounds until after the 150–day period had expired, we need not determine how far before the 150–day period expires the defendant must object in order to avoid a waiver of the Rule 8 violation. We do note our belief, however, that the objection must come a

## DISPOSITION

Because we conclude that defendant has waived any rule 8 violation, we vacate the court of appeals' memorandum decision, vacate the trial court's order dismissing the prosecution, and remand this matter to the trial court for proceedings consistent with this opinion.

FELDMAN, V.C.J., and CAMERON, J., concur.

MOELLER, Justice, specially concurring.

I concur in the result.

CORCORAN, Justice, specially concurring.

I, also, concur in the result.

---

reasonable period of time before the 150–day period expires so that the trial court may act to avoid the Rule 8 violation. What is reasonable, of course, will depend on the circumstances of the case. We believe that the determination of what is a reasonable amount of time is within the sound discretion of the trial court.