NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IRENE LUCERO DURAN, *Petitioner/Appellee,*

*v.*

THE HONORABLE JOE "PEP" GUZMAN, Justice of the Peace in the
AGUA FRIA JUSTICE COURT, in and for the County of MARICOPA,
Respondent Judge.

STATE OF ARIZONA, Real Party in Interest/Appellant.

No. 1 CA-CV 15-0323
FILED 5-17-2016

Appeal from the Superior Court in Maricopa County
No. LC 2014-000571-001 DT
The Honorable John R. Ditsworth, Judge

**REVERSED AND REMANDED**

COUNSEL

Irene Lucero Duran
*Petitioner/Appellee*

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Real Party in Interest/Appellant*

## MEMORANDUM DECISION

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Maurice Portley and Judge Patricia K. Norris joined.

**T H O M P S O N**, Presiding Judge:

¶1 Real Party in Interest/Appellant State of Arizona (the state) appeals from the superior court's decision dismissing with prejudice its DUI case against Irene Lucero Duran (Duran) for a speedy trial violation. For the following reasons, we reverse the decision of the superior court and remand for further proceedings consistent with this decision.

## FACTUAL AND PROCEDURAL HISTORY

¶2 The state charged Duran with two counts of misdemeanor DUI in November 2012 after police stopped her for traffic violations and she allegedly was found to have the drugs meprobamate, carlsoprodal and clonazepam in her body while driving. After Duran was arraigned in Agua Fria Justice Court in December 2012, she requested and received three continuances between January and April 2013. On May 13, 2013 she filed a motion to set a trial date and the trial court scheduled trial for July 17, 2013. Because the state's criminologist was unavailable on July 17, 2013, and with the agreement of Duran, the state filed a stipulated motion to continue the July 17, 2013 trial date.[1] The trial court set a new trial date of September 17, 2013.

¶3 On September 13, 2013 the trial court held a hearing on Duran's pretrial motions and vacated the September 17, 2013 trial date. The court took the pretrial motions under advisement. In November 2013, the state filed a motion for a new trial date. The trial court did not set a trial date. In May 2014, the state filed a renewed motion for new trial date. In July 2014, Duran filed an opposition to the renewed motion for new trial date and moved for dismissal of the case pursuant Arizona Rules of Criminal Procedure Rule 8 (Rule 8), the Sixth Amendment to the United States Constitution, and Article 2, Section 24 of the Arizona Constitution.

---

[1] The state's motion to continue further noted that both parties wanted additional time for investigation and discovery.

**¶4**        On September 30, 2014, the trial court denied Duran's pretrial motions. The court further denied Duran's motion to dismiss for a Rule 8/speedy trial violation and granted the state's motion for a new trial date. In its minute entry ruling the court noted that "[a]ny delay in [ruling on pretrial motions] has been occasioned by the Court, not the State." On October 2, 2014 Duran filed a motion to stay the justice court proceedings in order to file a special action appeal in Maricopa County Superior Court. The justice court granted the motion. Duran filed her special action complaint in December 2014, arguing that the justice court abused its discretion by denying her right to a speedy trial. The state filed a response requesting the superior court to decline to accept jurisdiction or deny relief.

**¶5**        After oral argument, the superior court accepted special action jurisdiction and granted Duran relief, concluding, without providing analysis, that the justice court denied Duran her right to a speedy trial.[2] The state timely appealed, and the justice court continued the stay for the duration of the appeals process. We have jurisdiction pursuant to Arizona Rule of Procedure for Special Actions 8(a). Because Duran did not file an answering brief or request an extension of time, in December 2015 this court ordered that the appeal be submitted for decision on the record and the opening brief.

## DISCUSSION

**¶6**        On appeal, the state argues that the superior court abused its discretion in granting Duran's motion to dismiss with prejudice because there was neither a Rule 8 violation nor a constitutional violation of her right to a speedy trial. We review the superior court's granting of a motion to dismiss for a violation of the right to speedy trial/Rule 8 violation for an abuse of discretion. *State ex. rel. Berger v. Superior Court*, 111 Ariz. 335, 339, 529 P.2d 686, 690 (1974). "We first examine [a] defendant's procedural rights to a speedy trial under Rule 8, Arizona Rules of Criminal Procedure, because, if that rule is dispositive, we need not reach the constitutional issues." *Humble v. Superior Court*, 179 Ariz. 409, 413, 880 P.2d 629, 633 (App. 1993).

---

[2] At oral argument in superior court Duran sought dismissal of the case with prejudice and the court did so.

**A. Duran's Procedural Right to a Speedy Trial Was Not Violated**

¶7        Defendants in Arizona have a procedural right to a speedy trial.  Rule 8.2(a)(2) provides that a defendant who has been released from custody such as Duran shall be tried by the court having jurisdiction of the offense within 180 days from arraignment.  The time limits set forth in Rule 8.2 are extended, however, by Rule 8.4(a), which provides that delays occasioned by or on behalf of the defendant shall be excluded from the computation of time limits.  Rule 8.5 further provides that a continuance "necessary to serve the interests of justice" may be granted on motion of any party; delays resulting from such a continuance are also excluded.  Ariz. R. Crim. P. 8.4(e).  Rule 8.6 provides, in relevant part:

> **Violations**.    If the court determines after considering the exclusions of Rule 8.4, that a time limit established by [Rule 8.2(a)] has been violated, it shall on motion of the defendant, or on its own initiative, dismiss the prosecution with or without prejudice.

Additionally, Rule 8.1(d) provides:

> The defendant's counsel shall advise the court of the impending expiration of time limits in the defendant's case.  Failure to do so may result in sanctions and **should be considered by the court in determining whether to dismiss an action with prejudice pursuant to Rule 8.6.**

(Emphasis added).

¶8        The defendant bears the burden of establishing a prima facie violation of Rule 8 time limits.  *Humble*, 179 Ariz. at 413, 880 P.2d at 633.  If the defendant meets this burden, the violation shifts to the state to establish which time periods, if any, should be excluded.  *Id.*  "[A] defendant may waive speedy trial rights by not objecting to the denial of speedy trial in a timely manner."  *State v. Spreitz*, 190 Ariz. 129, 138, 945 P.2d 1260, 1269 (1997) (citations omitted).  Once a defendant has let a Rule 8 time limit pass without objection, the defendant cannot later claim a violation requiring reversal.  *Id.*  "Our decisions regarding a defendant's duty to assert speedy trial rights are predicated in substantial part on the concern that defendants may 'wait until after the [Rule 8.2 time limit] has expired and then claim a

4

Rule 8 violation after it is too late for the trial court to prevent the violation.'" *Id.* (quoting *State v. Swensrud*, 168 Ariz. 21, 23, 810 P.2d 1028, 1030 (1991)).

**¶9**        Here, Duran never advised the court of the impending expiration of the 180 day time limit or any decision not to waive time until filing her motion to dismiss in July 2014.   At oral argument she acknowledged that she was waiting for the trial court to rule on her pretrial motions which the court had had under advisement since September 2013:

> [Mr. Thompson]:  There was a reason that both
> parties were waiting for the court to rule, so that
> the matter could be put in posture for trial.

On this record, we find that Duran waived her procedural speedy trial rights.  Duran sought at least three continuances and stipulated to the state's continuance.  She did not object when the trial court vacated the September 17, 2013 trial date.  Nor did she subsequently ever move for a trial date to be set.  Further, the delays are excluded time pursuant to the rules set forth above.  Accordingly, the superior court abused its discretion in dismissing the case with prejudice.

## B. There Was No Violation of Duran's Constitutional Right to a Speedy Trial

**¶10**        The Sixth Amendment to the United States Constitution and Article 2, Section 24 of the Arizona Constitution provide that a defendant has the right to a speedy and public trial.  Unlike the Arizona Rules of Criminal Procedure, neither the United States nor the Arizona Constitution require that a defendant be tried within a certain time period.  Courts use the four-part *Barker* test to determine whether speedy trial rights have been denied:  "1) the length of the delay; 2) the reason for the delay; 3) whether the defendant has demanded a speedy trial; and 4) the prejudice to the defendant."  *State v. Lukezic*, 143 Ariz. 60, 68, 691 P.2d 1088, 1096 (1984) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

**¶11**        Here, Duran did not demand a speedy trial during the time period she complains about and the delays were occasioned or acquiesced to by her.  Further, she argued in the superior court that she was prejudiced by the delays because her witnesses were in California and "impossible" to keep track of.  The location of her witnesses had not changed from the beginning of the case and nothing in the record we have indicates any actual prejudice to Duran.  Accordingly, we also find no constitutional violation of Duran's right to a speedy trial.

## CONCLUSION

**¶12** For the foregoing reasons, we reverse the decision of the superior court and remand to the justice court for further proceedings consistent with this decision.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama