NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

WILLIAM SCOTT HARVEY, *Petitioner/Appellant*,

*v.*

HON. MITCHELL KALAULI, Magistrate of the Lake Havasu City
Municipal Court, *Respondent/Appellee*,

STATE OF ARIZONA, *Real Party in Interest/Appellee*.

No. 1 CA-CV 15-0848
FILED 2-16-2017

Appeal from the Superior Court in Mohave County
No. B8015CV2015-04145
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Knochel Law Offices, Bullhead City
By Keith S. Knochel, Aline K. Knochel, Joshua C. Smith
*Counsel for Petitioner/Appellant*

Lake Havasu City Attorney's Office, Lake Havasu
By Charles F. Yager
*Counsel for Real Party in Interest/Appellee*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge John C. Gemmill[1] joined.

---

**D O W N I E**, Judge:

¶1        William Scott Harvey challenges the superior court's denial of special action relief.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        On March 15, 2015, Harvey was arraigned in Lake Havasu City Municipal Court on charges of assault and disorderly conduct.  He entered a not guilty plea and was released on his own recognizance.  During a June 25, 2015 hearing, the municipal court set Harvey's trial for October 28, 2015.

¶3        On September 15, 2015, Harvey moved to dismiss the criminal charges pursuant to Arizona Rule of Criminal Procedure ("Rule") 8.6, arguing his trial did not occur within 180 days of his arraignment, as Rule 8.2(a)(2) requires. (The 180th day was September 11, 2015.)  It is undisputed that the municipal court denied Harvey's motion, though the appellate record does not include that ruling.

¶4        Harvey filed a special action petition in the superior court on October 21, 2015.  He did not ask the superior court to stay the municipal court proceedings, and his trial took place as scheduled on October 28.  *See* Ariz. R.P. Spec. Act. 5 ("The filing of a complaint in a special action and the setting of the matter for hearing shall not stay any proceedings in the court or tribunal as to which special relief is sought unless a stay is specifically ordered.").

¶5        The superior court considered Harvey's special action petition on November 30, 2015.  Although the municipal court trial had concluded four weeks earlier, the municipal court had not yet issued its decision.  The superior court accepted special action jurisdiction but denied

---

[1]        Pursuant to Article VI, Section 3 of the Arizona Constitution, the Arizona Supreme Court designated the Honorable John C. Gemmill, Retired Judge of the Court of Appeals, to sit in this matter.

relief. Harvey filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶6** We review the denial of special action relief for abuse of discretion. *Home Builders Ass'n of Cent. Ariz. v. City of Goodyear*, 223 Ariz. 193, 195, ¶ 8 (App. 2009). This Court will affirm the superior court's ruling if it is correct for any reason. *Ariz. Bd. of Regents v. State ex rel. State of Ariz. Pub. Safety Ret. Fund Manager Adm'r*, 160 Ariz. 150, 154 (App. 1989).

**¶7** Rule 8.1(d) states that defense counsel shall "advise the court of the impending expiration of time limits in the defendant's case" and provides that the failure to do so "should be considered by the court in determining whether to dismiss an action with prejudice pursuant to Rule 8.6." Relying on *State v. Tucker*, 133 Ariz. 304 (1982), Harvey contends his defense counsel had no such reporting obligation because there were no "intervening delays between the event that trigger[ed] Rule 8.2 and the expiration of the Rule 8.2 time limit." *See id.* at 308 n.5. The State cites subsequent appellate decisions holding that a defendant "cannot wait until after the [Rule 8.2] period has expired and then claim a Rule 8 violation after it is too late for the trial court to prevent the violation." *State v. Swensrud*, 168 Ariz. 21, 23 (1991); *see also State v. Vasko*, 193 Ariz. 142, 148, ¶ 25 (App. 1998) ("Rule 8 requires a defendant to notify the court of an impending speedy trial deadline in order to preserve his objection to a Rule 8 violation."). If a trial court concludes that the failure to advise of impending speedy trial deadlines is intentional, "the only appropriate sanction in some cases may be to consider the time during which such conduct has occurred as excluded, thus resulting in a denial of a motion to dismiss." *State v. Techy*, 135 Ariz. 81, 85 (App. 1982).

**¶8** Our review is materially hampered by the lack of an adequate record from the municipal court. Indeed, Harvey has provided nothing from that court other than his motion to dismiss, the State's response, and his reply. In the superior court, the State argued that the municipal court found it "hard to believe" defense counsel had not intentionally failed to advise it of the speedy trial deadline and thus "felt the appropriate action in this case was to sanction based on *Techy* and *Spreitz* and deny the motion to dismiss." Harvey disagreed with that assertion, stating, "there's no record of what [the prosecutor] is saying is accurate."

3

¶9            In denying special action relief, the superior court emphasized the lack of an adequate record from the municipal court, stating:

> I think the case law is clear, in the absence of a record, I have to presume that the record supports the decision by the judge, that it supports what the judge did in connection with this case. Judges are presumed to know the law, presumed to act according to the law, so in the absence of a record, I have to presume that the record would support the Judge's decision.

Although the superior court went on to discuss the interpretation and application of Rule 8.1(d), immediately before ruling, it again stressed the lack of an adequate record, stating:

> [T]he parties seem to agree, although, again, I don't have a record, that the municipal court Judge did rely or at least did reference *Techy* . . . and *Spreitz* when making his decision in connection with this case. I am assuming that he is aware of it and that he made a decision based on that case which does require some perhaps intentional conduct on the part of the defendant in failing to advise the Court prior to the expiration of the time limit.

> When I consider the arguments that have been made to me in connection with this case, the information that has been presented to me, the Court finds that there is not any specific indication or evidence that the municipal court Judge abused his discretion or acted in an arbitrary and capricious manner. I am denying the relief.

¶10          As did the superior court, we presume that the missing record items would support the municipal court's decision. *See State ex rel. Baumert v. Superior Court,* 118 Ariz. 259, 260–61 (1978) ("[W]hen an incomplete record is presented to an appellate court, it must assume that any testimony or evidence not included in the record on appeal supported the action taken by the trial court."); *see also Renner v. Kehl,* 150 Ariz. 94, 97 n.1 (1986) ("Without a record we must presume that . . . there was substantial evidence in the complete record to support the findings of the trial court."). The record that *is* before us suggests the municipal court may have determined that actions or omissions by the defense warranted exclusion of an indeterminate amount of time. Without a complete record, the superior court could not conclude the municipal court erred, and the same deficiency

prevents us from concluding that the superior court abused its discretion by denying special action relief.

## CONCLUSION

**¶11**        For the foregoing reasons, we affirm the judgment of the superior court.



AMY M. WOOD • Clerk of the Court
FILED:  AA