NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JOSHUA RYAN GONZALES, *Appellant.*

No. 1 CA-CR 19-0487

FILED 1-7-2021

---

Appeal from the Superior Court in Maricopa County
No.  CR2018-001523-001
The Honorable William R. Wingard, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brian Coffman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Cynthia J. Bailey joined.

---

**H O W E**, Judge:

¶1        Joshua Ryan Gonzales appeals his convictions and sentences for two counts of possession of dangerous drugs for sale, one count of possession of narcotic drugs for sale, one count of possession of narcotic drugs, and one count of aggravated driving under the influence. Gonzales argues that the court abused its discretion in denying his motion to dismiss based on an alleged violation of his right to a speedy trial and in admitting evidence of other acts under Arizona Rule of Evidence 404(b). We deny relief and affirm the convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        "We construe the evidence in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Greene,* 192 Ariz. 431, 436 ¶ 12 (1998). In February 2017, Gonzales drove a friend's car, was pulled over, and failed multiple impaired driving and drug tests. A search of the vehicle's trunk produced a backpack containing various packaged substances that were later determined to be methamphetamine, heroin, alprazolam or Xanax, and oxycodone. The backpack also contained a ledger with "Gonza" written at the top, small plastic bags, syringes, Q-tips, a tourniquet, a spoon, a safe, and a currency bill scanner.  Gonzales claimed that the backpack was not his and that he did not know what was in it.

¶3        In March of 2018, a grand jury indicted Gonzales on two counts of possession of dangerous drugs for sale, one count of possession of narcotic drugs for sale, one count of possession of narcotic drugs and one count of aggravated driving under the influence. On April 3, 2018, Gonzales demanded that he be tried for all charges against him within 90 days, as required under Arizona Rule of Criminal Procedure 8.3(b).

¶4        Gonzales was arraigned two weeks later. The trial court set an initial pretrial conference for June 4, 2018, a comprehensive pretrial conference for July 3, 2018, and a Rule 8 last day of September 14, 2018, 150

days after arraignment pursuant to Rule 8.2(a) of the Arizona Rules of Criminal Procedure. Gonzales did not tell the court that these dates were beyond the Rule 8.3(b) limit of July 2, 2018. At the June 4, 2018 initial pretrial conference, the court affirmed the comprehensive pretrial conference set for July 3, 2018 and reaffirmed the final day of September 14, 2018. Gonzalez again said nothing of the Rule 8.3(b) time limit. At the July 3, 2018 comprehensive pretrial conference, Gonzales's attorney first raised the issue of a speedy trial violation and said that research was still underway with a motion forthcoming. On August 3, 2018, Gonzales moved to dismiss the indictment for a violation of Rule 8.3(b), arguing that the final day for trial was well overdue. The trial court denied the motion, finding that the right to dismissal under Rule 8.3 had been waived, and the case went to trial.

¶5        After a seven-day trial, a jury convicted Gonzales only of possession of narcotic drugs; the jury could not reach a decision on the other counts. Before the retrial on the other counts, the state moved to admit text messages found on Gonzales's phone after a separate incident in October 2017. The text messages dated back to March of 2017 and discussed the sale and trading of the same type of drugs found in the seized backpack in February of 2017. The court granted the state's motion, finding the messages relevant to Gonzales's intent to sell the drugs and his identity as the possessor of the backpack under Rule 404(b). The court also found that the messages were not unfairly prejudicial and left open the possibility of a limiting instruction.

¶6        At the second trial, a Gilbert police department drug expert testified that drug dealers typically drive borrowed or rented cars to distance themselves from the product in the cars and avoid police surveillance. He testified that drug dealers often hide their product in the trunk or glove box to prevent a "drug rip", or a customer robbing the dealer. The expert noted that the supplies and ledger found in the backpack was more indicative of a dealer's supply than a common user's stash, even though dealers often use their own supply. Finally, the expert explained that Gonzales's text message references to fire, pure, clear, "blk", and bars all related to a either a type of drug or a drug's quality, and connected those terms to the ledger and the seized drugs. A jury then convicted Gonzales on the four remaining counts and after a trial on aggravating circumstances and Gonzales's concession to prior convictions, he was sentenced to the presumptive terms of 15.75 years' imprisonment for each of the two convictions for possession of dangerous drugs for sale and for the possession of narcotic drugs for sale and to the presumptive term of 10 years' imprisonment for each of the convictions of possession of narcotic

drugs and aggravated driving under the influence with all terms to be run concurrently with each other. Gonzales timely appeals.

## DISCUSSION

I.  **Gonzales's Speedy Trial Rights Under Rule 8.3(b)**

**¶7**        Gonzales argues that the court improperly denied his motion to dismiss for violation of his speedy trial rights under Rule 8.3(b). A trial court's ruling on Rule 8 time limits will be upheld unless a defendant shows both an abuse of discretion and prejudice. *State v. Spreitz*, 190 Ariz. 129, 136 (1997).

**¶8**        A defendant in custody must be tried within 150 days of arraignment. Ariz. R. Crim. P. 8.2(a)(1). A defendant in custody must be tried within 90 days after the defendant notifies the court and the prosecutor of his request to be tried. Ariz. R. Crim. P. 8.3(b), (c). This right can be waived, of course. *State v. Guerrero*, 159 Ariz. 568, 569 (1989). Defendants may not "wait until after the [Rule 8 time limits] ha[ve] expired and then claim a Rule 8 violation after it is too late for the trial court to prevent the violation." *Spreitz*, 190 Ariz. at 138 (quoting *State v. Swensrud*, 168 Ariz. 21, 23 (1991)).

**¶9**        Gonzales waived his Rule 8.3(b) right. At the arraignment, the court stated that the last day for trial under Rule 8 was September 14, 2018, but Gonzales did not inform the court that this date was beyond the 90 days permitted under the Rule.   Nor did Gonzales object to the last day specified at the June 4, 2018 pretrial hearing. Gonzales did not raise his Rule 8 rights until August 3, 2018: more than a month after the time had run. He therefore waived his rights under Rule 8.3(b). *Spreitz*, 190 Ariz. at 138; *Swensrud*, 168 Ariz. at 23; *Guerrero*, 159 Ariz. at 569.

**¶10**        Even had Gonzales not waived his rights, he has not proved that he was prejudiced. *See State v. Vasko*, 193 Ariz. 142, 149 (App. 1998) (finding no reversible error when "defendant ha[d] not established that the technical speedy trial error in this case prejudiced his defense in any way or deprived him of a fair trial."); *State v. Lukezic*, 143 Ariz. 60, 69 (1984) ("There was no apparent impairment of appellee's ability to defend herself, because there is no allegation of lost witnesses or evidence."). Gonzales does not argue how the trial would have been different had it occurred within the Rule 8.3(b) time limit. He argues only that he suffered problems that all defendants suffer because of being incarcerated, which was not enough to demand dismissal. *State v. Parker*, 231 Ariz. 391, 399, ¶¶ 17–18 (2013) (finding no prejudice to Sixth Amendment speedy trial right because

the defendant "asserted no prejudice except that arising from his pretrial incarceration."). Moreover, Gonzales cannot blame his incarceration on the charges being tried because he was simultaneously incarcerated for a October 2017 probation violation. The trial court did not abuse its discretion in denying Gonzales's motion to dismiss.

## II.    **The Trial Court did not err in allowing other acts evidence.**

**¶11**        Gonzales also claims the trial court erred by admitting the text messages as other acts evidence under Rule 404(b). We review evidentiary rulings for an abuse of discretion. *State v. Ellison*, 213 Ariz. 116, 129 (2006).

**¶12**        Evidence of other acts is not admissible to prove a defendant's propensity to commit the crime charged, but may be used to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident. Ariz. R. Evid. 404(b). To be admissible, the evidence must be admitted for a relevant, proper purpose and its probative value must not be substantially outweighed by the danger of unfair prejudice under Rule 403. *State v. Gulbrandson*, 184 Ariz. 46, 60 (1995). The defendant is of course entitled to a limiting instruction on the evidence if he requests one. *Id.*

**¶13**        The trial court did not abuse its discretion in admitting the text messages. Gonzales was found driving a car with a backpack containing drugs in the trunk. He denied knowledge of the backpack and the drugs in it, even though the backpack contained a drug ledger with the name "Gonza" written on it. The text messages revealed his subsequent involvement in the sale of the same type of drugs found in the backpack and were relevant to show his knowledge of the drugs inside the backpack, his intent to possess them and his ownership of the backpack and its contents. Any possible prejudice from admitting the messages does not substantially outweigh their strong probative value. If Gonzales had been concerned about the prejudice from the messages' admission, he could have requested a limiting instruction, but he failed to do so.  The court did not abuse its discretion in admitting the text messages under Rule 404(b).

**¶14**        Gonzales claims nonetheless that intent and knowledge are insufficient justifications for admission of Rule 404(b) evidence when the defense denies the act occurred, relying on *State v. Ives*, 187 Ariz. 102, 109–110 (1996). This argument is meritless. In *Ives*, the defendant denied the act for which he was accused. Contrary to his contention otherwise, Gonzales did not deny that he drove the car or that the backpack was found in the car's trunk. Rather, because he proffered a mere presence defense, intent

and knowledge became contested issues. *United States v. Harry*, 930 F.3d 1000, 1006 (8th Cir. 2019); *State v. Hines*, 130 Ariz. 68, 73 (1981); *see also Ives*, 187 Ariz. at 109.

¶15    Moreover, any theoretical error in admitting the text messages was harmless. The State has the burden to prove beyond a reasonable doubt that any error did not contribute to or affect the verdict or sentence. *State v. Henderson*, 210 Ariz. 561, 567 (2005)  Gonzales tested positive for methamphetamine and metabolites of heroin and alprazolam, the same three drugs discovered in backpack and referred to in the drug sales ledger. The expert testified that drug dealers often use their own drugs, and that they distance themselves from their drugs to protect themselves while transporting them, by putting the drugs in the trunk and driving borrowed or rented vehicles. The drugs, here, were worth thousands of dollars. Testimony established that a common drug user would not likely have that many drugs on hand. Furthermore, the sales ledger found in the backpack had "Gonza" written on it, evidence that the backpack belonged to him. Finally, the quantity of drugs coupled with how they were stored alongside a safe, a currency bill scanner, and small plastic bags, in conjunction with Gonzales's inebriation at arrest, was sufficient to establish beyond a reasonable doubt that Gonzales knowingly possessed the drugs for sale and use.

## CONCLUSION

¶16    For the foregoing reasons, we affirm Gonzales's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:    AA