NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

CLIFFORD ROGERS, *Petitioner.*

No. 1 CA-CR 23-0541 PRPC

FILED 10-01-2024

Appeal from the Superior Court in Maricopa County
No. CR2018-147928-002
The Honorable Joseph Kiefer, Judge

**REVIEW GRANTED/RELIEF DENIED**

COUNSEL

DeBrigida Law Offices, PLLC, Glendale
By Ronald M. De Brigida, Jr.
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

------------------------------

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

------------------------------

**M c M U R D I E**, Judge:

**¶1**        Defendant Clifford Rogers petitions this court to review the summary dismissal of his post-conviction relief ("PCR") petition filed under Arizona Rule of Criminal Procedure ("Criminal Rule") 32.1. We grant review and hold that Rogers failed to establish a colorable claim of ineffective assistance of counsel, primarily because he failed to submit evidence of the trial counsel's tactical decision to forgo offering a co-defendant's letter stating that Rogers did not know about the crime. Without such evidence, the superior court did not abuse its discretion by summarily rejecting the ineffectiveness claim. We also find that the court did not err by finding that Rogers failed to allege prejudice for counsel's supposed failures adequately.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        A jury convicted Rogers of conspiracy to commit possession of dangerous drugs for sale and sale or transportation of dangerous drugs. The jury also found the aggravating factor that the crimes were committed for pecuniary gain, and the superior court sentenced Rogers to nine years' imprisonment. Rogers appealed, and we affirmed his convictions and sentences. *State v. Rogers*, 1 CA-CR 20-0497, 2022 WL 710669, at *4, ¶ 20 (Ariz. App. Mar. 10, 2022) (mem. decision).

**¶3**        The evidence underlying Rogers's convictions is detailed in *Rogers*, 1 CA-CR 20-0497, at *1, ¶ 2. Police conducted a traffic stop of Rogers's truck while Vincent Whitebird was driving, and Rogers and Serafina Ibarra were passengers. *Id.* Rogers consented to a K9 search of the truck, and officers found around four pounds of methamphetamine hidden near the tires, floorboard, and inside a locked safe. *Id.*

**¶4**        At the trial, Rogers testified that he met Whitebird and Ibarra through a mutual friend around two weeks before the traffic stop. *Id.* Two days before the traffic stop, Rogers was injured while moving a flatbed trailer on a friend's property, and Whitebird and Ibarra drove him to a

hospital in Rogers's truck. *Id.* Rogers stated that Whitebird and Ibarra had his truck for four hours until they picked him up from the hospital and drove him to another mutual friend's home. *Id.* Rogers also testified that he permitted Whitebird to use his truck after his release from the hospital, explaining he had "no reason" to mistrust Whitebird. *Id.* Rogers offered Whitebird a manual labor job that he could no longer perform because of his injury, and they were driving to the job site when the trooper pulled the truck over. *Id.* Rogers denied concealing or permitting Whitebird or Ibarra to conceal methamphetamine in his truck. *Id.*

**¶5** After the appeal, Rogers petitioned for PCR. In the petition, Rogers claimed he was denied effective assistance of counsel because trial counsel did not offer into evidence a letter written by Whitebird and a copy of Whitebird's plea agreement. *See* Ariz. R. Crim. P. 32.1(a) (constitutional violation). Rogers did not attach the letter or plea agreement to his petition. Nor did Rogers submit an affidavit from counsel explaining his decision to forgo offering the Whitebird documents. *See* Ariz. R. Crim. P. Rule 32.7(e) ("The defendant must attach to the petition any affidavits, records, or other evidence currently available to the defendant supporting the allegations in the petition."). Rogers requested an evidentiary hearing, claiming he had presented a colorable claim.

**¶6** The State responded to the petition and provided the Whitebird letter. The letter reads:

> To whom it may concern; I <u>Vincent Wayne Whitebird</u>, would like to notify the court of my co defendants Innocense [sic]. Clifford Rogers and Sarafina Ibara [sic] had no knowledge of me placing the meth in Mr. Rogers Truck. I am taking full responsibility for those actions. It is not right or fair to them being held on charges they're not guilty of.
>
> Sincerely
>
> Vincent Whitebird

The State argued that counsel's decision to forgo offering the letter was implicitly sound.

**¶7** The State maintained that if counsel had offered the letter and the court had admitted it, it would have opened the door to evidence inconsistent with the letter and detrimental to Rogers. *See* Ariz. R. Evid. 806. These inconsistencies included statements by Whitebird "that he was aware of the methamphetamine in the vehicle behind the rear passenger's seat,

because Rogers had removed some methamphetamine and provided it to himself and Ibarra for their personal use." And Whitebird claimed, "the only methamphetamine which would have his fingerprints on it would be on some of the methamphetamine located in the black bag on the floorboard of the rear seat." According to the State, "the Letter would have permitted the State to point out that Whitebird initially identified Rogers as the owner of all the drugs, and [Whitebird] provided an exculpatory written statement only after his plea and sentence."

¶8            In determining whether Rogers had presented a colorable claim for relief, the court assumed trial counsel was aware of Whitebird's letter and made a tactical decision not to offer it. The court also assumed the theoretical tactical decision was reasonable because there was a "myriad of negative implications of offering [Whitebird's] letter into evidence, including but not limited to impeachment with his more contemporaneous statements to law enforcement that [Rogers] was involved in criminal activity." The court then concluded that such a tactical theory was the type of "trial decisions to which the Court generally affords great deference."

¶9            As for prejudice, the court wrote:

> [G]iven the evidence against Defendant, which by the time of the third trial included communications from his phone seemingly confirming his involvement with drug possession and/or distribution, it cannot be said that offering co-defendant's letter into evidence would have created a reasonable probability of a more favorable outcome for Defendant.

The superior court summarily denied the petition. *See* Ariz. R. Crim. P. 32.11(a) (If the court does not find a colorable claim for relief, it "must summarily dismiss the petition.").

¶10            Rogers petitioned for review. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") §§ 13-4031 and -4239 and Criminal Rule 32.16.

## DISCUSSION

¶11            We review the superior court's denial of PCR for an abuse of discretion, *State v. Macias*, 249 Ariz. 335, 339, ¶ 8 (App. 2020), but review the interpretation of the Criminal Rules *de novo*, *State v. Mendoza*, 248 Ariz. 6, 14–15, ¶ 12 (App. 2019). The defendant must show that the superior court abused its discretion by denying the PCR petition. *State v. Reed*, 252 Ariz.

4

236, 238, ¶ 6 (App. 2021). We review the court's legal conclusions *de novo*. *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017). A defendant must strictly comply with the post-conviction rules to be eligible for PCR. *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11 (2005); *State v. Carriger*, 143 Ariz. 142, 146 (1984) ("Petitioners must strictly comply with Rule 32 or be denied relief.").

## A. Rogers's Failed to Allege a Colorable Claim for Ineffective Assistance of Counsel.

**¶12** A criminal defendant may petition for PCR, claiming ineffective assistance of counsel ("IAC") at a critical stage of the criminal proceedings. Ariz. R. Crim. P. 32.1(a); *State v. Conner*, 163 Ariz. 97, 104 (1990).

**¶13** To prove trial counsel was ineffective under the Sixth Amendment, Rogers had to show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show deficient performance, Rogers had to establish that counsel's conduct fell below an objective standard of reasonableness as measured by prevailing professional norms. *Id.* at 688; *State v. Bigger*, 251 Ariz. 402, 407, ¶ 8 (2021). "This inquiry focuses on the 'practice and expectations of the legal community,' and asks, in light of all the circumstances, whether counsel's performance was reasonable under prevailing professional norms." *Pandeli*, 242 Ariz. at 180, ¶ 5 (quoting *Hinton v. Alabama*, 571 U.S. 263, 273 (2014)).

**¶14** When reviewing an IAC claim, a court must "indulge a strong presumption" that counsel acted reasonably under the circumstances and that the challenged act or omission resulted from a sound trial strategy. *Strickland*, 466 U.S. at 689. A court must view counsel's decision-making deferentially and avoid "the distorting effects of hindsight" in examining counsel's performance. *Bigger*, 251 Ariz. at 408, ¶ 11 (quoting *Strickland*, 466 U.S. at 689). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

**¶15** To show prejudice, Rogers had to establish a reasonable probability that, absent counsel's errors, the proceeding's outcome would have been different. *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

**¶16** Rogers failed to establish a colorable claim under either prong of the *Strickland* test.

### 1. Rogers Failed to Establish IAC About the Whitebird Documents.

¶17 Rogers alleged that trial counsel did not offer the Whitebird documents, which he claims were admissible, and that he suffered resulting prejudice. Rogers did not support his claims with the documents. Nor did he provide an affidavit from trial counsel explaining why he did not offer the documents, even after the State provided a plausible explanation for why not offering the documents in evidence was a tactical decision by counsel.

¶18 There were three trials in this case. Before the first trial, Barbara Hull represented Rogers. Ms. Hull moved to have counsel appointed for co-defendant Whitebird because she intended to call him as a witness in the trial. The court appointed counsel for Whitebird. Whitebird's counsel moved to allow Whitebird to invoke his Fifth Amendment right not to testify, which the court granted. The court made no ruling on the admissibility of the documents.[1]

¶19 After the court determined that Whitebird could invoke his rights, Rogers filed several motions to change counsel. Eventually, the court relieved Ms. Hull and appointed Milo Iniguez. Mr. Iniguez represented

---

[1] Because the Whitebird documents were never offered, the superior court never determined their admissibility. But we note that statements exculpating other defendants, when in a statement admitted as a statement against interest, are not automatically admissible. *See State v. Nieto*, 186 Ariz. 449, 455 (App. 1996); *State v. Canaday*, 141 Ariz. 31, 35 (App. 1984). The statements can only be admissible if corroborating circumstances make their trustworthiness clear. *See State v. Doody*, 187 Ariz. 363, 376-77 (App. 1996). The rule specifically requires that the statement must not only subject the declarant to criminal liability but also that corroborating circumstances are present to establish the trustworthiness of the statement when it is offered to exculpate another. *See State v. Lopez*, 159 Ariz. 52, 54 (1988); *State v. LaGrand*, 153 Ariz. 21, 29 (1987). Additionally, these cases emphasize that when a statement implicates a third party, its reliability is often diminished unless it is supported by other trustworthy evidence. This nuance is particularly significant when the statement is being used to exonerate another person because the motivations of the declarant can complicate the truthfulness of the statement. *See State v. Cruz*, 218 Ariz. 149, 162, ¶ 59-66 (2008). We need not, and do not, decide on the record before us whether the Whitebird letter was admissible.

Rogers in the first trial but did not offer the Whitebird documents. The jurors could not reach a verdict on the charges, and the court declared a mistrial.

**¶20**　　　　The court started a second trial, but because of the COVID-19 pandemic, the court declared a mistrial and excused the jurors. According to the exhibits worksheet for the second trial, Mr. Iniguez did not mark for admission the Whitebird documents.

**¶21**　　　　The third trial, and the one subject to this appeal, began on September 9, 2020. The record again shows that Mr. Iniguez did not mark or move for the admission of the Whitebird documents. And as noted above, the jurors convicted Rogers.

### i.　Rogers Does Not Show Why Mr. Iniguez Elected Not to Offer the Whitebird Documents.

**¶22**　　　　A defendant's lawyer "is not deficient merely for making errors." *State v. Miller*, 251 Ariz. 99, 102, ¶ 10 (2021). The deficiency inquiry will normally focus on counsel's defense strategy. *Bigger*, 251 Ariz. at 407-08, ¶ 10. And a reviewing court presumes counsel acted properly unless the defendant can show that "counsel's decision was not a tactical one but, rather, revealed ineptitude, inexperience or lack of preparation." *State v. Goswick*, 142 Ariz. 582, 586 (1984); *see also State v. Valdez*, 167 Ariz. 328, 329–30 (1991) (There is a strong presumption that defense counsel provided effective assistance.). To determine whether a decision by trial counsel was a tactical choice or resulted from ineptitude, inexperience, or lack of preparation, courts generally start with the presumption that counsel's conduct fell within the wide range of reasonable professional assistance that might be considered sound trial strategy. *State v. Denz*, 232 Ariz. 441, 444, ¶ 7 (App. 2013). Strategic decisions are "conscious, reasonably informed decisions made by an attorney with an eye to benefiting the client." *State v. Varela*, 245 Ariz. 91, 94, ¶ 9 (App. 2018) (cleaned up). But a decision that appears tactical will not be considered reasonable if "the attorney has failed to investigate options and make a reasonable choice between them." *Id.*

**¶23**　　　　If the trial record lacks evidence that defense counsel was unprepared or acted unreasonably, tactical decisions rarely constitute IAC, even if erroneous. *Bigger*, 251 Ariz. at 410, ¶ 22. And a trial court does not err by summarily dismissing a PCR petition on this basis. *Id.*

**¶24**　　　　Rogers's PCR petition alleged that trial counsel erred by not offering the Whitebird documents. He did not allege this was based on

counsel's lack of preparation, ineptitude, or inexperience. The court found that the trial record supported an implicit tactical decision by defense counsel. While Rogers disagrees with the court's conclusion, he fails to offer evidence that counsel was unprepared to make the decision or was otherwise inept or inexperienced. The court did not abuse its discretion by finding that Rogers failed to allege a colorable IAC claim. *Id.*

**2.     Assuming Rogers Alleged a Colorable Claim of Deficient Performance, He Failed to Allege Prejudice Sufficiently.**

**¶25**     In his petition, Rogers asserted that the Whitebird documents were so exonerating that they necessarily warranted a new trial under *United States v. Cronic*, 466 U.S. 648 (1984). The State responded that it was unclear whether the letter would have been admitted if offered, and if received in evidence, the letter would have opened the door to contradictory statements Whitebird made to police after his arrest. The court rejected Rogers's position on prejudice.

**i. *Cronic* Does Not Apply Here.**

**¶26**     Proof of prejudice is sometimes unnecessary in an IAC case. *State v. Gerlaugh*, 144 Ariz. 449, 457 (1985); *State v. Atwood,* 171 Ariz. 576, 600 (1992), *overruled on other grounds by State v. Nordstrom*, 200 Ariz. 229 (2001). Prejudice is presumed if the defendant is denied counsel at a critical trial stage or if counsel fails to subject the State's case to meaningful adversarial testing. *See Cronic*, 466 U.S. at 662. Also, if counsel acts as a neutral observer, then prejudice will be presumed. *Carriger*, 132 Ariz. at 304.

**¶27**     Rogers's IAC claim does not fall under any of the *Cronic* categories. He had counsel at every stage of the criminal proceedings against him, and he does not argue otherwise to this court. Mr. Iniguez cross-examined witnesses and forcefully argued Rogers's case to the jury. He was not a neutral observer and engaged in meaningful adversarial testing. Rogers thus falls short in establishing *Cronic* error. *Cf. State v. Schultz*, 140 Ariz. 222, 223–24 (1984) (Defense counsel admitted that he failed to interview between 20 and 30 witnesses.); *State v. Perkins*, 141 Ariz. 278, 295 (1984) (A substitute counsel at sentencing stated he was unfamiliar with the case and had nothing to say on the defendant's behalf.); *State v. Cruz*, 137 Ariz. 541, 548–50 (1983) (Trial counsel refused to actively participate in the trial after his motion to disqualify the judge was refused.).

### ii. Rogers Failed to Allege a Reasonable Probability of a Different Result.

¶28    As noted above, had the Whitebird letter been admitted in evidence, it would have opened the door to evidence that Whitebird at first identified Rogers as the owner of all the drugs, Rogers gave Whitebird methamphetamine the morning of the arrest, and Whitebird provided the exculpatory written statement only after his plea and sentence. *See* Ariz. R. Evid. 806. In a post-*Miranda* interview, Whitebird reported to the officers:

> Rogers and a woman named Rocio had driven down to Mexico to conduct some "deals." Rocio's deal had gone wrong and Rocio and Rogers had been stuck in Mexico for approximately seven days during which Whitebird was unable to contact them on their phones. Rogers returned from Mexico without Rocio and had met up with Whitebird and Ibarra. Whitebird stated he and his girlfriend Ibarra are both drug users and the last time they had used had been the morning of 09/28/2018. Whitebird stated he was under the impression he was going to be compensated $1500.00 to drive to Farmington, New Mexico to work on an oil rig run by Rogers.
>
> Whitebird stated he was aware of the methamphetamine in the vehicle behind the rear passenger's seat, because Rogers had removed some methamphetamine and provided it to himself and Ibarra for their personal use. Whitebird stated he believed the only methamphetamine that would have his fingerprints on it would be on some of the methamphetamine located in the black bag on the floorboard of the rear seat.

¶29    During the third trial, the State proved that Rogers had communications on his phone confirming his involvement with drug possession or distribution. Along with this evidence, the State proved that Rogers had the key to his safe where drugs were found. While the trial evidence may not have been overwhelming, the Whitebird letter with the associated impeachment evidence does not raise a reasonable probability of believing the jurors would have come to a different conclusion.

¶30    The superior court did not abuse its discretion by finding that Rogers failed to allege a colorable claim of prejudice for his IAC claim.

9

**CONCLUSION**

¶31   We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AGFV